081274.0335(207)                    RMC:lab                    #397

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMORE ENTERPRISES, INC., BOLD ENTERPRISES, INC., BRE MID AMERICA, INC., BURRIS MANAGEMENT, INC., CAFE M, LLC, CLARK 15803, LLC, CMJ CORPORATION, ESTEL FOODS, INC., F & F INVESTMENTS OF ILLINOIS, INC., GUERO, LLC, J & B ENTERPRISES OF SPRINGFIELD, INC., JANN RESTAURANT, INC., JEFFERS FAMILY MANAGEMENT, INC., KARAVITES RESTAURANT 33426, LLC, KARAVITES RESTAURANT 6298, LLC, MARYMAC, INC., McGRAW ENTERPRISES, INC., MIBRYA, LLC, MMJ ENTERPRISES, INC., P. T. POULEE, LLC, PETRO BEAR, LLC, Q3, LLC, RAF ENTERPRISES, INC., RCKC CORPORATION, SCHMITT-BOULDER HILL, INC., TDS SERVICES, INC., KRISTA NOELL, TIM BELLEFEUILLE, HALEIGH RAE BESINGER, HANNAH CAPPERINO, XAVIER CASILLAS, ERIN CASTREJON, BRANDON CHAPLES, CREIGHTON COLSON, JAMES COWAN, SHAYNE EMERY, STACIE FERGUSON, ANDREA FRANKLIN, SARAH FURLONG, ANTHONY GANT, IVAN GONZALEZ, OSCAR GUTIERREZ, ALONZO JOHNSON, TEFFANY JOHNSTON, ALEXANDRIA KRISPIN, CHARLENE LYBARGER, GABRIELA MIZE, ALYSSA MOORE, BRIANNA MOORE, WALLY NICHOLS, KRISTEN OETTLE, THOMAS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PEARCE, THADDEUS PHILLIPS, AARON** )
**EMANUEL RIVERA, BRYTON ROACH,** )
**PHILLIP ROSS, JOSUE SALGADO, JEFF** )
**SANSONE, KELSI SCHWARTZ, SHANE** )
**SNYDER, JOHNATHIN SUTTON, RHONDA** )
**TANDY, MELISSA VITTORELLI, MICHAEL** )
**WARREN, ARRON WEISS and SHAMEKA** )
**WILLIAMS,** )
  )
               **Defendants.** )

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, American Family Mutual Insurance Company, S.I., by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Amore Enterprises, Inc., Bold Enterprises, Inc., BRE Mid America, Inc., Burris Management, Inc., Cafe M, LLC, Clark 15803, LLC, CMJ Corporation, Estel Foods, Inc., F & F Investments of Illinois, Inc., Guero, LLC, J & B Enterprises of Springfield, Inc., Jann Restaurant, Inc., Jeffers Family Management, Inc., Karavites Restaurant 33246, LLC, Karavites Restaruant 6298, LLC, MaryMac, Inc., McGraw Enterprises, Inc., Mibrya, LLC, MMJ Enterprises, Inc., P. T. Poulee, LLC, Petro Bear, LLC, Q3, LLC, RAF Enterprises, Inc., RCKC Corporation, Schmitt-Boulder Hill, Inc., TDS Services, Inc., Krista Noell, Tim Bellefeuille, Haleigh Rae Besinger, Hannah Capperino, Xavier Casillas, Erin Castrejon, Brandon Chaples, Creighton Colson, James Cowan, Shayne Emery, Stacie Ferguson, Andrea Franklin, Sarah Furlong, Anthony Gant, Ivan Gonzalez, Oscar Gutierrez, Alonzo Johnson, Teffany Johnston, Alexandria Krispin, Charlene Lybarger, Gabriela Mize, Alyssa Moore, Brianna Moore, Wally Nichols, Kristen Oettle, Thomas Pearce, Thaddeus Phillips, Aaron

Emanuel Rivera, Bryton Roach, Phillip Ross, Josue Salgado, Jeff Sansone, Kelsi Schwartz, Shane Snyder, Johnathin Sutton, Rhonda Tandy, Melissa Vittorelli, Michael Warren, Arron Weiss and Shameka Williams, each individually and on behalf of all others similarly situated, alleges the following:

**JURISDICTION**

1.     The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage for an underlying class action against the various McDonald's franchisees for alleged violations of the Illinois Biometric Information Privacy Act.

**VENUE**

2.     Venue is premised upon 28 U.S.C. § 1391(b)(2) as numerous defendants are residents of this District.

**THE PARTIES**

3.     American Family Mutual Insurance Company, S.I. ("AmFam") is a Wisconsin insurance corporation, which maintains its principal place of business in Madison, Wisconsin, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.     Amore Enterprises, Inc. ("Amore") is an Illinois corporation with its principal place of business in Utica, Illinois.

5.     Bold Enterprises, Inc. ("Bold") is an Illinois corporation with its principal place of business in Glen Carbon, Illinois.

6.     BRE Mid America, Inc. ("BRE") is an Illinois corporation with its principal place of business in Morton, Illinois.

7.     Burris Management, Inc. ("Burris") is an Illinois corporation with its principal place of business in Columbia, Illinois.

8.     Cafe M, LLC ("Cafe M") is an Illinois limited liability company with its principal place of business in Rockford, Illinois. David Bear is the Manager of Cafe M and he is an Illinois citizen who resides in or near South Elgin, Illinois.

9.     Clark 15803, LLC ("Clark") is an Illinois limited liability company with its principal place of business in Peoria, Illinois. Clark Management, LLC, an Illinois limited liability company, is the Manager of Clark. The managers of Clark's Manager are Terry Clark and Nadyne Clark who are each citizens of Illinois who reside in or near Peoria, Illinois.

10.    CMJ Corporation ("CMJ") is an Illinois corporation with its principal place of business in Springfield, Illinois.

11.    Estel Foods, Inc. ("Estel") is an Illinois corporation with its principal place of business in or near Granite City, Illinois.

12.    F & F Investments of Illinois, Inc. ("F & F Investments") is an Illinois corporation with its principal place of business in Moline, Illinois.

13.    Guero, LLC ("Guero") is an Illinois limited liability company with its principal place of business in East Peoria, Illinois. The Managers of Guero are Ryan

4

Clark, Terry Clark, and Nadyne Clark, each of whom is an Illinois citizen and a resident of Peoria, Illinois.

14.     J & B Enterprises of Springfield, Inc. ("J & B Enterprises") is an Illinois corporation with its principal place of business in Springfield, Illinois.

15.     Jann Restaurant, Inc. ("Jann Restaurant") is an Illinois corporation with its principal place of business in Bloomington, Illinois.

16.     Jeffers Family Management, Inc. ("Jeffers") is an Illinois corporation with its principal place of business in Springfield, Illinois.

17.     Karavites Restaurant 33426, LLC ("Karavites 33426") is an Illinois limited liability company with its principal place of business in Chicago, Illinois. The Managers are Nicholas Karavites and Janet Karavites who are citizens of Illinois and residents of Winnetka, Illinois.

18.     Karavites Restaurant 6298, LLC ("Karavites 6298") is an Illinois limited liability company with its principal place of business in Chicago, Illinois. The Managers are Nicholas Karavites and Janet Karavites who are citizens of Illinois and residents of Winnetka, Illinois.

19.     MaryMac, Inc. ("MaryMac") is an Illinois corporation with its principal place of business in Collinsville, Illinois.

20.     McGraw Enterprises, Inc. ("McGraw Enterprises") is an Illinois corporation with its principal place of business in Springfield, Illinois.

21.     Mibrya, LLC ("Mibrya") is an Illinois limited liability company with its principal place of business in Pekin, Illinois. The Manager of Mibrya is Terry Clark, a citizen of the State of Illinois and a resident of Peoria, Illinois.

22.     MMJ Enterprises, Inc. ("MMJ Enterprises") is an Illinois corporation with its principal place of business in Bloomington, Illinois.

23.     P. T. Poulee, LLC ("P. T. Poulee") is an Illinois limited liability company with its principal place of business in Morris, Illinois. The Manager of P. T. Poulee is Harry J. Pappas, a citizen of the State of Illinois and a resident of Peoria, Illinois.

24.     Petro Bear, LLC ("Petro Bear") is an Illinois limited liability company with its principal place of business in or near McHenry, Illinois. The Managers of Petro Bear are Marc Bear and Joshua Bear, each of whom is a citizen of the State of Illinois and a resident of South Elgin, Illinois.

25.     Q3, LLC ("Q3") is an Illinois limited liability company with its principal place of business in Quincy, Illinois. The Manager of Q3 is Michael P. Kasprzyk, a citizen of the State of Illinois and a resident of Jacksonville, Illinios.

26.     RAF Enterprises, Inc. ("RAF Enterprises") is an Illinois corporation with its principal place of business in Orland Park, Illinois.

27.     RCKC Corporation ("RCKC") is an Illinois corporation with its principal place of business in Olympia Fields, Illinois.

28.     Schmitt-Boulder Hill, Inc. ("Schmitt") is an Illinois corporation with its principal place of business in Aurora, Illinois.

29.     TDS Services, Inc. ("TDS Services") is an Illinois corporation with its principal place of business in Centralia, Illinois.

30.     Krista Noell, Krista Noell, Tim Bellefeuille, Haleigh Rae Besinger, Hannah Capperino, Xavier Casillas, Erin Castrejon, Brandon Chaples, Creighton Colson, James Cowan, Shayne Emery, Stacie Ferguson, Andrea Franklin, Sarah Furlong, Anthony Gant, Ivan Gonzalez, Oscar Gutierrez, Alonzo Johnson, Teffany Johnston, Alexandria Krispin, Charlene Lybarger, Gabriela Mize, Alyssa Moore, Brianna Moore, Wally Nichols, Kristen Oettle, Thomas Pearce, Thaddeus Phillips, Aaron Emanuel Rivera, Bryton Roach, Phillip Ross, Josue Salgado, Jeff Sansone, Kelsi Schwartz, Shane Snyder, Johnathin Sutton, Rhonda Tandy, Melissa Vittorelli, Michael Warren, Arron Weiss and Shameka Williams ("the Claimants) are individuals who are all citizens and residents of the State of Illinois. Each of the Claimants has been joined herein as a defendant to the extent that he or she is interested.

## THE AMFAM POLICIES

31.     AmFam issued its policy of insurance numbered 12XL664701 to Amore Enterprises as named insured which policy includes the locations owned and operated by Amore Enterprises. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

32.     AmFam issued its policy of insurance numbered 12XC520308 to Bold Enterprises as named insured which policy includes the locations owned and operated by

Bold Enterprises. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2017 to March 1, 2018. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

33.     AmFam issued its policy of insurance numbered 12XK998401 to BRE as named insured which policy includes the locations owned and operated by BRE. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

34.     AmFam issued its policy of insurance numbered 12XP302401 to Burris as named insured which policy includes the locations owned and operated by Burris. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit D.

35.     AmFam issued its policy of insurance numbered 12XM325202 to Cafe M as named insured which policy includes the locations owned and operated by Cafe M. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit E.

36.     AmFam issued its policy of insurance numbered 12XP776202 to Clark as named insured which policy includes the locations owned and operated by Clark. The policy provided for Businessowners Liability Insurance for the effective period of

March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit F.

37.     AmFam issued its policy of insurance numbered 12XF744603 to CMJ as named insured which policy includes the locations owned and operated by CMJ. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit G.

38.     AmFam issued its policy of insurance numbered 12XP302001 to Estel as named insured which policy includes the locations owned and operated by Estel. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2016 to March 1, 2017. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit H.

39.     AmFam issued its policy of insurance numbered 12XF221010 to F & F Investments as named insured which policy includes the locations owned and operated by F & F Investments. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit I.

40.     AmFam issued its policy of insurance numbered 12XP776202 to Guero as named insured which policy includes the locations owned and operated by Guero. The policy provided for Businessowners Liability Insurance for the effective period of

March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit F.

41.     AmFam issued its policy of insurance numbered 12XN559503 to J & B Enterprises as named insured which policy includes the locations owned and operated by J & B Enterprises. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit J.

42.     AmFam issued its policy of insurance numbered 12XR211801 to Jann Restaurant as named insured which policy includes the locations owned and operated by Jann Restaurant. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit K.

43.     AmFam issued its policy of insurance numbered 12XN559503 to Jeffers as named insured which policy includes the locations owned and operated by Jeffers. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2018 to March 1, 2019. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit J.

44.     AmFam issued its policy of insurance numbered 12XM345001 to Karavites 33426 as named insured which policy includes the locations owned and operated by Karavites 33426. The policy provided for Businessowners Liability Insurance for the

effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit L.

45. AmFam issued its policy of insurance numbered 12XM345001 to Karavites 6298 as named insured which policy includes the locations owned and operated by Karavites 6298. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit L.

46. AmFam issued its policy of insurance numbered 12XJ273104 to MaryMac as named insured which policy includes the locations owned and operated by MaryMac. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit M.

47. AmFam issued its policy of insurance numbered 12XX744603 to McGraw Enterprises as named insured which policy includes the locations owned and operated by McGraw Enterprises. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit G.

48. AmFam issued its policy of insurance numbered 12XP776202 to Mibrya as named insured which policy includes the locations owned and operated by Mibrya. The

policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit F.

49.    AmFam issued its policy of insurance numbered 12XR211701 to MMJ Enterprises as named insured which policy includes the locations owned and operated by MMJ Enterprises. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit N.

50.    AmFam issued its policy of insurance numbered 12XX428903 to P. T. Poulee as named insured which policy includes the locations owned and operated by P. T. Poulee. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2018 to March 1, 2019. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit O.

51.    AmFam issued its policy of insurance numbered 12XM325202 to Petro Bear as named insured which policy includes the locations owned and operated by Petro Bear. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit E.

52.    AmFam issued its policy of insurance numbered 12XP294501 to Q3 as named insured which policy includes the locations owned and operated by Q3. The

policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit P.

53.     AmFam issued its policy of insurance numbered 12XL658101 to RAF Enterprises as named insured which policy includes the locations owned and operated by RAF Enterprises. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit Q.

54.     AmFam issued its policy of insurance numbered XK975801 to RCKC as named insured which policy includes the locations owned and operated by RCKC. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit R.

55.     AmFam issued its policy of insurance numbered 12XL626602 to Schmitt as named insured which policy includes the locations owned and operated by Schmidtt. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit S.

56.     AmFam issued its policy of insurance numbered 12XJ320304 to TDS Services as named insured which policy includes the locations owned and operated by TDS Services. The policy provided for Businessowners Liability Insurance for the

13

effective period of March 1, 2019 to March 1, 2020. A certified true and correct copy of the AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit T.

## THE UNDERLYING LITIGATION

57. The Claimants have filed a First Amended Class Action Complaint against the Defendant franchisees and others in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559. A true and correct copy of the aforesaid First Amended Class Action Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit U.

58. The Claimants seek damages from various McDonald's franchisee employers for their alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"). Each Claimant alleges that as an employee of a franchisee his or her fingerprints were scanned, and that the franchisee violated BIPA's provisions relating to the collection of biometric data when it scanned his or her fingerprints and that each violated BIPA's provisions relating to the disclosure of biometric data when it disclosed the biometric information to others within the McDonald's system. The First Amended Class Action Complaint contains 264 counts, with 8 counts directed against each franchisee defendant which alleged that each franchisee defendant violated BIPA for which statutory damages and attorneys' fees are sought for the following, all of which more fully appears in Pleading Exhibit V attached hereto:

      (a)      Failure to have a written policy made available to the public;

(b)     Failure to have a written policy establishing a retention schedule and destruction guidelines for the possession of biometric information or biometric identifiers;

(c)     Capturing or collecting biometric information without first informing the employee in writing that the franchisee Defendants were doing so;

(d)     Capturing or collecting biometric information without first informing the employee in writing of the purpose of the franchisee Defendants doing so and the length of time they would store and use the biometric information;

(e)     Failure to obtain a written release from the employee that biometric information was being collected and/or stored;

(f)     Unauthorized disclosure, redisclosure and dissemination of biometric identifiers or biometric information to others;

(g)     Failure to use the reasonable standard within the industry to store, transmit and protect from disclosure biometric identifiers and biometric information;

(h)     Failure to use the same standard of care as used for other confidential and sensitive information to store, transmit and protect from disclosure biometric identifiers and biometric information.

## PROVISIONS OF THE AMFAM POLICIES

59.     Each AmFam policy provides in its Insuring Agreement for "bodily injury," "property damage," and "personal and advertising injury" as follows:

> **A.      Coverages**
>
> > **1.      Business Liability**
> >
> > > **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury," to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
> > >
> > > > **(1)**     The amount we will pay for damages is limited as described in Paragraph **D**. – Liability And Medical Expenses Limits Of Insurance in Section II – Liability; and
> > > >
> > > > **(2)**     Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.
> > >
> > > No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f**. Coverage Extension -- Supplementary Payments.

60.     Each AmFam policy in its Exclusion s. provides as follows:

This insurance does not apply to:

\* \* \* \* \* \*

**s.    Distribution Of Material in Violation Of Statutes**

"Bodily injury," "property damage, or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

\* \* \* \* \* \*

**(3)**    Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

61.    The AmFam policies define certain terms used in the Insuring Agreement set forth in ¶ 59 hereof as follows:

**1.**    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.**    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.**    Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement;

\* \* \* \* \* \*

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \* \* \* \*

17

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.** The use of another's advertising idea in your "advertisement"; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*   *   *   *   *

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

18

      **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

62.    Each AmFam policy includes an Employment-Related Practices Exclusion endorsement which provides, in part, as follows:

The following exclusion is added to Paragraph **B. Exclusions** in **Section II – Liability**:

This insurance does not apply to:

**1.**    "Bodily injury" or "personal and advertising injury" to:

    **a.**    A person arising out of any:

        **(1)**    Refusal to employ that person;

        **(2)**    Termination of that person's employment; or

        **(3)**    Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

    **b.**    The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" or "personal and advertising injury" to that person at whom any of the employment-related practices

described in Paragraphs **(1)**, **(2)** or **(3)** above is directed.

**2.**     This exclusion applies:

    **a.**     Whether the insured may be liable as an employer or in any other capacity; and

    **b.**     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

63.     Each AmFam policy includes an endorsement exclusion for access to or disclosure of confidential or personal information and data-related liability which provides as follows:[1]

### EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY– WITH LIMITED BODILY INJURY EXCEPTION

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**A.**     Exclusion **B.1.q.** of **Section II – Liability** is replaced by the following:

This insurance does not apply to:

**q.**     **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

    **(1)**     Damages, other than damages because of "personal and advertising injury," arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial

---

[1] The endorsement is not included in the policies issued to Bold Enterprises, Estel Foods, J & B Enterprises, Jeffers and P. T. Poulee.

information, credit card information, health information or any other type of nonpublic information, or Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data. This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

However, unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury."

As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

**B.**   The following is added to Paragraph **B.1.p. Personal And Advertising Injury** Exclusion of **Section II – Liability**:

This insurance does not apply to:

**p.     Personal And Advertising Injury**

"Personal and advertising injury."

Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

#### TENDER OF DEFENSE

64.    Each Defendant franchisee identified in ¶¶ 4 through 29 tendered its defense to AmFam, and AmFam accepted that tender subject to reservation for the reasons stated herein.

### COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND AMORE ENTERPRISES)

65.    AmFam adopts and repeats the allegations of ¶¶ 1 through 4, 30, 31, and 57 through 64 as and for ¶ 65 hereof as though the same were fully set forth herein.

66.    While the AmFam policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimant are not covered by the policy of insurance.

67.    AmFam contends that it has no duty or obligation to defend Amore Enterprises in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)     That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)     That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Amore Enterprises does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to Amore Enterprises does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or

23

disclosure of personal information exclusion endorsement to

the AmFam policy.

68.     The above contentions of AmFam are, on information and belief, denied by Amore which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendants and each of them.

69.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND BOLD ENTERPRISES)

70.     AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 5, 30, 32, and 57 through 64 as and for ¶ 70 hereof as though the same were fully set forth herein.

71.     While the AmFam policy, Pleading Exhibit B, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policies of insurance.

72.     AmFam contends that it has no duty or obligation to defend Bold Enterprises in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)     That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)     That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Bold Enterprises does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to Bold Enterprises does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

73.     The above contentions of AmFam are, on information and belief, denied by Bold Enterprises which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

74.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT III
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND BRE)

75.     AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 6, 30, 33, and 57 through 64 as and for ¶ 75 hereof as though the same were fully set forth herein.

76.     While the AmFam policy, Pleading Exhibit C, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

77.     AmFam contends that it has no duty or obligation to defend BRE in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)   That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)   That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)   That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)   That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)   That the policy issued to BRE does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)   That the policy issued to BRE does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)   That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or

disclosure of personal information exclusion endorsement to

the AmFam policy.

78.     The above contentions of AmFam are, on information and belief, denied by

BRE which, in turn, contends that it is entitled to coverage under the AmFam policy of

insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of

them.

79.     By reason of the foregoing, an actual and justiciable controversy exists

between the parties and each of them, which may be determined by a judgment or order

of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this

Court has the power to declare and adjudicate the rights and liabilities of the parties

hereto under the terms and provisions of the policy of insurance referred to herein, and to

adjudicate the final rights of all parties and to give such other and further relief as may be

necessary to enforce the same.

## COUNT IV
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND BURRIS)

80.     AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 7, 30, 34, and

57 through 64 as and for ¶ 80 hereof as though the same were fully set forth herein.

81.     While the AmFam policy, Pleading Exhibit D, extends coverage to an

insured for "bodily injury," "property damage," and "personal and advertising injury," as

defined therein, the claims in the underlying action by the Claimants are not covered by

the policy of insurance.

82.     AmFam contends that it has no duty or obligation to defend Burris in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)     That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)     That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Burris does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to Burris does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

29

(g)   That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

83.   The above contentions of AmFam are, on information and belief, denied by Burris which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

84.   By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT V
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND CAFE M)

85.   AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 8, 30, 35, and 57 through 64 as and for ¶ 85 hereof as though the same were fully set forth herein.

86.   While the AmFam policy, Pleading Exhibit E, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as

defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

87.     AmFam contends that it has no duty or obligation to defend Cafe M in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

> (a)     That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.
>
> (b)     That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.
>
> (c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.
>
> (d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.
>
> (e)     That the policy issued to Cafe M does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

     (f)     That the policy issued to Cafe M does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

     (g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

88.     The above contentions of AmFam are, on information and belief, denied by Cafe M which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

89.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT VI
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND CLARK)

90.     AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 9, 30, 36, and 57 through 64 as and for ¶ 90 hereof as though the same were fully set forth herein.

91.     While the AmFam policy, Pleading Exhibit F, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

92.     AmFam contends that it has no duty or obligation to defend Clark in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)     That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)     That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Clark does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the

sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to Clark does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

93.     The above contentions of AmFam are, on information and belief, denied by Clark which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

94.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT VII
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND CMJ)

95.     AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 10, 37, and 57 through 64 as and for ¶ 95 hereof as though the same were fully set forth herein.

96.     While the AmFam policy, Pleading Exhibit G, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

97.     AmFam contends that it has no duty or obligation to defend CMJ in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

> (a)     That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

> (b)     That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

> (c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

> (d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to CMJ does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to CMJ does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

98.     The above contentions of AmFam are, on information and belief, denied by CMJ which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

99.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to

adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT VIII
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND ESTEL)

100. AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 11, 30, 38, and 57 through 64 as and for ¶ 100 hereof as though the same were fully set forth herein.

101. While the AmFam policy, Pleading Exhibit H, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

102. AmFam contends that it has no duty or obligation to defend Estel in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)    That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Estel does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to Estel does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

103.    The above contentions of AmFam are, on information and belief, denied by Estel which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

104.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT IX
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND F & F INVESTMENTS)

105.   AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 12, 39, and 57 through 64 as and for ¶ 105 hereof as though the same were fully set forth herein.

106.   While the AmFam policy, Pleading Exhibit I, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

107.   AmFam contends that it has no duty or obligation to defend F & F Investments in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)   That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)   That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)   That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)   That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)    That the policy issued to F & F Investments does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)    That the policy issued to F & F Investments does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)    That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

108.   The above contentions of AmFam are, on information and belief, denied by F & F Investments which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

109.   By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to

adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT X
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND GUERO)

110.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 13, 39, and 57 through 64 as and for ¶ 110 hereof as though the same were fully set forth herein.

111.    While the AmFam policy, Pleading Exhibit F, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

112.    AmFam contends that it has no duty or obligation to defend Guero in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)    That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

41

(d)    That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)    That the policy issued to Guero does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)    That the policy issued to Guero does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)    That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

113.    The above contentions of AmFam are, on information and belief, denied by Guero which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

114.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this

Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XI
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND J & B ENTERPRISES)

115. AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 14, 41, and 57 through 64 as and for ¶ 115 hereof as though the same were fully set forth herein.

116. While the AmFam policy, Pleading Exhibit J, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

117. AmFam contends that it has no duty or obligation to defend J & B Enterprises in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

    (a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

    (b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to J & B Enterprises does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to J & B Enterprises does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

118.    The above contentions of AmFam are, on information and belief, denied by J & B Enterprises which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

119.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties

hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XII
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND JANN RESTAURANT)

120.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 15, 42, and 57 through 64 as and for ¶ 120 hereof as though the same were fully set forth herein.

121.    While the AmFam policy, Pleading Exhibit K, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

122.    AmFam contends that it has no duty or obligation to defend Jann Restaurant in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)    That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

45

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Jann Restaurant does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to Jann Restaurant does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

123.    The above contentions of AmFam are, on information and belief, denied by Jann Restaurant which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

124.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this

Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

### COUNT XIII
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND JEFFERS)

125.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 16, 43, and 57 through 64 as and for ¶ 125 hereof as though the same were fully set forth herein.

126.    While the AmFam policy, Pleading Exhibit J, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

127.    AmFam contends that it has no duty or obligation to defend Jeffers in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Jeffers does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to Jeffers does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

128.     The above contentions of AmFam are, on information and belief, denied by Jeffers which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

129.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties

hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

### COUNT XIV
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND KARAVITES 33426)

130.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 17, 44, and 57 through 64 as and for ¶ 130 hereof as though the same were fully set forth herein.

131.    While the AmFam policy, Pleading Exhibit L, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

132.    AmFam contends that it has no duty or obligation to defend Karavites 33426 in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)    That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)    That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)    That the policy issued to Karavites 33426 does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)    That the policy issued to Karavites 33426 does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)    That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

133.    The above contentions of AmFam are, on information and belief, denied by Karavites 33426 which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

134.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this

Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**COUNT XV**
**(DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND KARAVITES 6298)**

135.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 18, 45, and 57 through 64 as and for ¶ 135 hereof as though the same were fully set forth herein.

136.    While the AmFam policy, Pleading Exhibit L, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

137.    AmFam contends that it has no duty or obligation to defend Karavites 6298 in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Karavites 6298 does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to Karavites 6298 does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

138.    The above contentions of AmFam are, on information and belief, denied by Karavites 6298 which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

139.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**COUNT XVI**
**(DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND MARYMAC)**

140.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 19, 46, and 57 through 64 as and for ¶ 140 hereof as though the same were fully set forth herein.

141.    While the AmFam policy, Pleading Exhibit M, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

142.    AmFam contends that it has no duty or obligation to defend MaryMac in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)     That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to MaryMac does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to MaryMac does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

143.    The above contentions of AmFam are, on information and belief, denied by MaryMac which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

144.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XVII
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND MCGRAW ENTERPRISES)

145.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 20, 47, and 57 through 64 as and for ¶ 145 hereof as though the same were fully set forth herein.

146.    While the AmFam policy, Pleading Exhibit G, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

147.    AmFam contends that it has no duty or obligation to defend McGraw Enterprises in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)     That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)     That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to McGraw Enterprises does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to McGraw Enterprises does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or

disclosure of personal information exclusion endorsement to the AmFam policy.

148.    The above contentions of AmFam are, on information and belief, denied by McGraw Enterprises which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

149.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XVIII
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND MIBRYA)

150.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 21, 48, and 57 through 64 as and for ¶ 150 hereof as though the same were fully set forth herein.

151.    While the AmFam policy, Pleading Exhibit F, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

152.    AmFam contends that it has no duty or obligation to defend Mibrya in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)    That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)    That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)    That the policy issued to Mibrya does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)    That the policy issued to Mibrya does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

58

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

153.    The above contentions of AmFam are, on information and belief, denied by Mibrya which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

154.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XIX
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND MMJ ENTERPRISES)

155.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 22, 49, and 57 through 64 as and for ¶ 155 hereof as though the same were fully set forth herein.

156.    While the AmFam policy, Pleading Exhibit N, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as

defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

157.	AmFam contends that it has no duty or obligation to defend MMJ Enterprises in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)	That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)	That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)	That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)	That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)	That the policy issued to MMJ Enterprises does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to MMJ Enterprises does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

158.     The above contentions of AmFam are, on information and belief, denied by MMJ Enterprises which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

159.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XX
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND P. T. POULEE)

160.     AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 23, 50, and 57 through 64 as and for ¶ 160 hereof as though the same were fully set forth herein.

161.    While the AmFam policy, Pleading Exhibit O, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

162.    AmFam contends that it has no duty or obligation to defend P. T. Poulee in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)    That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)    That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)    That the policy issued to P. T. Poulee does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the

sending, transmitting, communicating, or distribution of material or information.

(f) That the policy issued to P. T. Poulee does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

163. The above contentions of AmFam are, on information and belief, denied by P. T. Poulee which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

164. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XXI
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND PETRO BEAR)

165. AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 24, 51, and 57 through 64 as and for ¶ 165 hereof as though the same were fully set forth herein.

166. While the AmFam policy, Pleading Exhibit E, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as

defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

167.     AmFam contends that it has no duty or obligation to defend Petro Bear in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)     That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)     That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Petro Bear does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to Petro Bear does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

168.    The above contentions of AmFam are, on information and belief, denied by Petro Bear which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

169.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XXII
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND Q3)

170.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 25, 52, and 57 through 64 as and for ¶ 170 hereof as though the same were fully set forth herein.

171.    While the AmFam policy, Pleading Exhibit P, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

172.    AmFam contends that it has no duty or obligation to defend Q3 in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

    (a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

    (b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

    (c)    That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

    (d)    That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

    (e)    That the policy issued to Q3 does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the

sending, transmitting, communicating, or distribution of material or information.

(f)      That the policy issued to Q3 does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)      That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

173.    The above contentions of AmFam are, on information and belief, denied by Q3 which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

174.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XXIII
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND RAF ENTERPRISES)

175.   AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 26, 53, and 57 through 64 as and for ¶ 175 hereof as though the same were fully set forth herein.

176.   While the AmFam policy, Pleading Exhibit Q, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

177.   AmFam contends that it has no duty or obligation to defend RAF Enterprises in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

(a)   That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)   That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)   That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)   That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to RAF Enterprises does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to RAF Enterprises does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

178.     The above contentions of AmFam are, on information and belief, denied by RAF Enterprises which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

179.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to

adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XXIV
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND RCKC)

180.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 27, 54, and 57 through 64 as and for ¶ 180 hereof as though the same were fully set forth herein.

181.    While the AmFam policy, Pleading Exhibit R, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

182.    AmFam contends that it has no duty or obligation to defend RCKC in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

>    (a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

>    (b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

>    (c)    That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to RCKC does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to RCKC does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

183.    The above contentions of AmFam are, on information and belief, denied by RCKC which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

184.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this

Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XXV
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND SCHMITT)

185.    AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 28, 55, and 57 through 64 as and for ¶ 185 hereof as though the same were fully set forth herein.

186.    While the AmFam policy, Pleading Exhibit S, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

187.    AmFam contends that it has no duty or obligation to defend Schmitt in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

> (a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

> (b)    That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Schmitt does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to Schmitt does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

188.    The above contentions of AmFam are, on information and belief, denied by Schmitt which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

189. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT XXVI
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND TDS SERVICES)

190. AmFam adopts and repeats the allegations of ¶¶ 1 through 3, 29, and 56 through 64 as and for ¶ 190 hereof as though the same were fully set forth herein.

191. While the AmFam policy, Pleading Exhibit T, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimants are not covered by the policy of insurance.

192. AmFam contends that it has no duty or obligation to defend TDS Services in connection with the claims made against it by the Claimants for one or more or all of the following reasons:

    (a)    That the First Amended Class Action Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)     That the First Amended Class Action Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the First Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the First Amended Class Action Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to TDS Services does not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the policy issued to TDS Services does not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policy.

193.   The above contentions of AmFam are, on information and belief, denied by TDS Services which, in turn, contends that it is entitled to coverage under the AmFam policy of insurance. AmFam, in turn, denies, the contrary contentions of the Defendant and each of them.

194.   By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, American Family Mutual Insurance Company, S.I., prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A.   That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Amore Enterprises, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XL664701.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT II:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Bold Enterprises, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XC520308.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT III:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to BRE Mid America, Inc. for the

77

action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XK998401.

B.     That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.     That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT IV:

A.     That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Burris Management, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XP302401.

B.     That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT V:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Cafe M, LLC for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XM325202.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT VI:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Clark 15803, LLC for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its

Businessowners Liability policy of insurance numbered 12XP776202.

B.     That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.     That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT VII:

A.     That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to CMJ Corporation for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XF744603.

B.     That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.     That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

**AS TO COUNT VIII:**

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Estel Foods, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XP302001.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

**AS TO COUNT IX:**

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to F & F Investments of Illinois, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XF221010.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT X:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Guero, LLC, for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XP776202.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT XI:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to J & B Enterprises of Springfield, Inc. for the action filed in the Circuit Court of the 20th

Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XN559503.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT XII:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Jann Restaurant, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XR211801.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT XIII:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Jeffers Family Management, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XN559503.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT XIV:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Karavites Restaurant 33246, LLC for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XM345001.

B.      That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.      That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT XV:

A.      That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Karavites Restaurant 6298, LLC for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XM345001.

B.      That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.      That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT XVI:

A.      That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to MaryMac, Inc. for the action

filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XJ273104.

B.   That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.   That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT XVII:

A.   That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to McGraw Enterprises, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XX744603.

B.   That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.   That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT XVIII:

A.   That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Mibrya, LLC for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XP776202.

B.   That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.   That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT XIX:

A.   That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to MMJ Enterprises, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its

Businessowners Liability policy of insurance numbered 12XR211701.

B.     That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.     That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT XX:

A.     That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to P. T. Poulee, LLC for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XX428903.

B.     That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.     That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT XXI:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Petro Bear, LLC for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XM325202.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT XXII:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Q3, LLC for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XP294501.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.      That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT XXIII:

A.      That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to RAF Enterprises, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XL658101.

B.      That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.      That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT XXIV:

A.      That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to RCKC Corporation for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its

Businessowners Liability policy of insurance numbered 12XK975801.

B.   That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.   That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT XXV:

A.   That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Schmitt-Boulder Hill, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XL626602.

B.   That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.   That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT XXVI:

A.    That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to TDS Services, Inc. for the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 17 L 559, under its Businessowners Liability policy of insurance numbered 12XJ320304.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

/s/ *Robert Marc Chemers*
Robert Marc Chemers
Bar Number: 0431508
Edward B. Ruff, III
Bar Number: 9181332
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone:      (312) 578-7548
Fax:            (312) 346-8242
E-Mail: rchemers@pretzelstouffer.com
E-Mail: eruff@pretzelstouffer.com
***Attorneys for Plaintiff***

92