# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
) S.S.
County of St. Clair )

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Angela Gladney
17-L-559
St. Clair County
7/3/2019 2:26 PM
5649991

Case Number ___17 -L- 559___

Amount Claimed _____

KRISTA NOELL, individually and
on behalf of all others similarly
situated,

**VS**

MC DONALD'S USA, LLC, a
domestic Illinois corporation, et al.

Plaintiff(s)

Defendant(s)

---

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. John J. Driscoll,_____ Code _____
Address 211 N. Broadway, 40th Floor
City St. Louis_____ Phone 932-3232
Add. Pltf. Atty. John Baricevic/ CJ Baricevic Code ___

## ALIAS SUMMONS COPY
To the above named defendant(s)......:

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

NAME JEFFERS FAMILY MANAGEMENT, INC.

Gerald R. Williams

ADDRESS 1357 E. Union Ave.

CITY & STATE  Litchfield, IL 62056

☐ **A. You are hereby summoned and required to appear before this court at**
(court location) _____ at _____ M. On _____ 20__
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ **B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service
provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 20___

_____
Clerk of Court

**SEAL**

BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                              Date of service

_____          _____

_____          _____

_____          _____

_____          _____

**(b) - (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(d) - (Other service):**

```
+------------------------------------+
|           SHERIFF'S FEES           |
|                                    |
| Service and return _____ $     |
| Miles _____ .......... $       |
| Total ................... $        |
|                                    |
| _____   |
| Sheriff of _____ County   |
+------------------------------------+
```

_____, Sheriff of _____County

_____, Deputy

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT COURT
ST. CLAIR COUNTY, ILLINOIS

| | | |
|---|---|---|
| KRISTA NOELL, | ) | |
| TIM BELLEFEUILLE, | ) | |
| HALEIGH RAE BESINGER, | ) | |
| HANNAH CAPPERINO, | ) | |
| XAVIER CASILLAS, | ) | |
| ERIN CASTREJON, | ) | Case No. 17-L-559 |
| BRANDON CHAPLES, | ) | |
| CREIGHTON COLSON, | ) | |
| JAMES COWAN, | ) | |
| SHAYNE EMERY , | ) | |
| STACIE FERGUSON, | ) | |
| ANDREA FRANKLIN, | ) | |
| SARAH FURLONG, | ) | |
| ANTHONY GANT, | ) | |
| IVAN GONZALEZ, | ) | |
| OSCAR GUTIERREZ, | ) | |
| ALONZO JOHNSON, | ) | |
| TIFFANY JOHNSTON, | ) | |
| ALEXANDRIA KRISPIN, | ) | |
| CHARLENE LYBARGER, | ) | |
| GABRIELA MIZE, | ) | |
| ALYSSA MOORE, | ) | |
| BRIANNA MOORE, | ) | |
| WALLY NICHOLS, | ) | |
| KRISTEN OETTLE, | ) | |
| THOMAS PEARCE, | ) | |
| THADDEUS PHILLIPS, | ) | |
| AARON EMANUEL RIVERA, | ) | |
| BRYTON ROACH, | ) | |
| PHILLIP ROSS, | ) | |
| JOSUE SALGADO, | ) | |
| JEFF SANSONE, | ) | |
| KELSI SCHWARTZ, | ) | |
| SHANE SNYDER, | ) | |
| JOHNATHIN SUTTON, | ) | |
| RHONDA TANDY, | ) | |
| MELISSA VITTORELLI, | ) | |
| MICHAEL WARREN, | ) | |
| AARON WEISS AND | ) | |
| SHAMEKA WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |

| | |
|---|---|
| v. | ) |
| | ) |
| MCDONALD'S USA, LLC | ) |
| | ) |
| MCDONALD'S CORPORATION | ) |
| | ) |
| | ) |
| AMORE ENTERPRISES, INC., an Illinois | ) |
| company, | ) |
|     SERVE REGISTERED AGENT: | ) |
|     Alan B Samlan | ) |
|     525 W Monroe Street Suite 2360 | ) |
|     Chicago, IL 60661 | ) |
| | ) |
| | ) |
| BOLD ENTERPRISES, INC., an Illinois | ) |
| company, | ) |
|     SERVE REGISTERED AGENT: | ) |
|     Malcolm Richard Bold | ) |
|     305 Westminster | ) |
|     Glen Carbon, IL 62034 | ) |
| | ) |
| | ) |
| BRE MID AMERICA, INC., an Illinois | ) |
| company, | ) |
|     SERVE REGISTERED AGENT: | ) |
|     Karen M Stumpe | ) |
|     301 SW Adams St Ste 700 | ) |
|     Peoria, IL 61602 | ) |
| | ) |
| | ) |
| BURRIS MANAGEMENT, INC., an Illinois | ) |
| company, | ) |
|     SERVE REGISTERED AGENT: | ) |
|     Alan E. Stumpf | ) |
|     222 S Main St | ) |
|     PO Box 228 | ) |
|     Columbia, IL 62236 | ) |
| | ) |
| | ) |
| CAFE M, LLC., an Illinois company, | ) |
|     SERVE REGISTERED AGENT: | ) |
|     Steven L. Baerson | ) |
|     1 N La Salle Street, Suite 1350 | ) |
|     Chicago, IL 60602 | ) |



CLARK 15803, LLC., an Illinois company, )
  SERVE REGISTERED AGENT: )
  Johnson, Bunce & Noble PC )
  7800 N Sommer St Suite 425 )
  Peoria, IL 61615 )

CMJ CORP., an Illinois company, )
  SERVE REGISTERED AGENT: )
  Michael R. McGraw )
  6450 S 6th St Rd Ste A )
  Springfield, IL 62712 )

DND WITZEL ENTERPRISES, INC., an )
Illinois company, )
  SERVE REGISTERED AGENT: )
  Deanna Witzel )
  3636 Bayview Drive )
  Danville, IL 61832 )

ESTEL FOODS, INC., an Illinois company, )
  SERVE REGISTERED AGENT: )
  James Estel Williams, Jr. )
  1506 Johnson Rd Ste 115 )
  Granite City, IL 62040 )

F & F INVESTMENTS OF ILLINOIS, INC., )
an Illinois company, )
  SERVE REGISTERED AGENT: )
  Frank L. Nowinski )
  1001 36th Ave )
  Moline, IL 61265 ) )

GUERO, LLC, an Illinois company, )
  SERVE REGISTERED AGENT: )
  Johnson, Bunce and Noble, P.C. )
  7800 N Sommer St )
  Peoria, Illinois 61615 )

J&B ENTERPRISES OF SPRINGFIELD, INC., )
an Illinois company, )

3

|  |  |
|---|---|
| SERVE REGISTERED AGENT:<br>Steven A. Jeffers<br>2821 Centennial Dr<br>Springfield, IL 62711 | ) |
| JANN RESTAURANT, INC., an Illinois company,<br>SERVE REGISTERED AGENT:<br>Jack Millan<br>301 S Prospect Rd Ste #5<br>Bloomington, IL 61704 | ) |
| JEFFERS FAMILY MANAGEMENT, INC., an Illinois company,<br>SERVE REGISTERED AGENT:<br>Steven Jeffers<br>2821 Centennial Dr<br>Springfield, IL 62711 | ) |
| KARAVITES RESTAURANT 33426, LLC., an Illinois company,<br>SERVE REGISTERED AGENT:<br>Steven L. Baerson<br>1 N La Salle Street Ste 1350<br>Chicago, IL 60602 | ) |
| KARAVITES RESTAURANT 6298, LLC., an Illinois company,<br>SERVE REGISTERED AGENT:<br>Steven L. Baerson<br>1 N La Salle Street Ste 1350<br>Chicago, IL 60602 | ) |
| LUNA, INC., an Illinois company,<br>SERVE REGISTERED AGENT:<br>Michael Luna<br>112 N 14TH ST<br>Monmouth, IL  61462 | ) |

4



MARYMAC, INC., an Illinois company,
  SERVE REGISTERED AGENT:
   Mary N. Murray
   104 Dunleigh Park Lane
   Edwardsville, IL 62025


MCDONALD'S RESTAURANTS OF
ILLINOIS, INC., an Illinois company,
  SERVE REGISTERED AGENT:
   Prentice Hall Corporation
   801 Adlai Stevenson Drive
   Springfield, IL 627023

MCESSY INVESTMENT COMPANY, an
Illinois company,
  SERVE REGISTERED AGENT:
   William H. McEssy
   1025 W Everett Road
   Lake Forest, IL 60045


MCGRAW ENTERPRISES, INC., an Illinois
company,
  SERVE REGISTERED AGENT:
   Andy Scharf
   606 N State Street
   Litchfield, IL 62056


MIBRYA, LLC., an Illinois company,
  SERVE REGISTERED AGENT:
   Johnson Bunce & Nobel, P.C.
   7800 N Sommer Street, Suite 425
   Peoria, IL 61615


MMJ ENTERPRISES, INC., an Illinois
company,
  SERVE REGISTERED AGENT:
   Mikel Petro
   301 S. Prospect Road, Suite 5
   Bloomington, IL 61704

5

| | |
|---|---|
| P.T. POULEE, LLC., an Illinois company,<br>SERVE REGISTERED AGENT:<br>Lee E. Gussin<br>801 Skokie Blvd., Suite 100<br>Northbrook, IL 60062<br><br>PETRO BEAR LLC., an Illinois company,<br>SERVE REGISTERED AGENT:<br>Steven L. Baerson<br>1 N La Salle Street, Suite 1350<br>Chicago, IL 60602<br><br>Q3, LLC., an Illinois company,<br>SERVE REGISTERED AGENT<br>Registered Agent, Inc.<br>1254 University Drive, Suite 300<br>Edwardsville, IL 62025<br><br>RAF ENTERPRISES, INC., an Illinois<br>company,<br>SERVE REGISTERED AGENT:<br>Alan B Samlan<br>525 W Monroe Street Suite 2360<br>Chicago IL 60661<br><br>RCKC CORPORATION, an Illinois company,<br>SERVE REGISTERED AGENT:<br>Randy Conn<br>18233 Martin Ave<br>Homewood, IL 60430<br><br>SCHMITT-BOULDER HILL, INC., an Illinois<br>company,<br>SERVE REGISTERED AGENT:<br>Edward H. Schmitt, Jr.<br>1975 W Downer Place, Suite 302<br>Aurora, IL 60506<br><br>TDS SERVICES, INC., an Illinois company,<br><br>SERVE REGISTERED AGENT: | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

6

| Andy Scharf<br>606 State Street<br>Litchfield, IL 62056 | |
| --- | --- |

## FIRST AMENDED CLASS ACTION COMPLAINT

NOW COME Plaintiffs KRISTA NOELL, TIM BELLEFEUILLE, HALEIGH RAE BESINGER, HANNAH CAPPERINO, XAVIER CASILLAS, ERIN CASTREJON, BRANDON CHAPLES, CREIGHTON COLSON, JAMES COWAN, SHAYNE EMERY, STACIE FERGUSON, ANDREA FRANKLIN, SARAH FURLONG, ANTHONY GANT, IVAN GONZALEZ, OSCAR GUTIERREZ, ALONZO JOHNSON, TIFFANY JOHNSTON, ALEXANDRIA KRISPIN, CHARLENE LYBARGER, GABRIELA MIZE, ALYSSA MOORE, BRIANNA MOORE, WALLY NICHOLS, KRISTEN OETTLE, THOMAS PEARCE, THADDEUS PHILLIPS, AARON EMANUEL RIVERA, BRYTON ROACH, PHILLIP ROSS, JOSUE SALGADO, JEFF SANSONE, KELSI SCHWARTZ, SHANE SNYDER, JOHNATHIN SUTTON, RHONDA TANDY, MELISSA VITTORELLI, MICHAEL WARREN, AARON WEISS AND SHAMEKA WILLIAMS, individually, and on behalf of all others similarly situated, by and through their attorneys, JOHN J. DRISCOLL and THE DRISCOLL FIRM, P.C., and bring this action class action complaint pursuant to 735 ILCS 5/2-801, *et seq.*, and allege as follows, all upon information and belief:

## NATURE OF THE ACTION

1. This is a Class Action for money damages arising from Defendants' violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et. seq.*, ("BIPA") in that

7

Defendants illegally collected, stored and used Plaintiffs' and other similarly situated individuals' biometric identifiers and biometric information ("biometrics") without informed written consent, in direct violation of BIPA.

2.     Our legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.*

3.     In response to these concerns over the security of individuals' biometrics, (740 ILCS 14/5(b)) our legislature enacted BIPA. The BIPA provides, *inter alia*, that a private entity like McDonald's may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*;   (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*;   and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a) and (b).

4.     In violation of each of the foregoing provisions of §15(a) and (b) of BIPA, the Defendants are actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of thousands of unwitting Illinois resident citizens.

8

5.    Plaintiffs seek class certification pursuant to 735 ILCS 5/2-801, *et seq*. Plaintiffs KRISTA NOELL, TIM BELLEFEUILLE, HALEIGH RAE BESINGER, HANNAH CAPPERINO, XAVIER CASILLAS, ERIN CASTREJON, BRANDON CHAPLES, CREIGHTON COLSON, JAMES COWAN, SHAYNE EMERY, STACIE FERGUSON, ANDREA FRANKLIN, SARAH FURLONG, ANTHONY GANT, IVAN GONZALEZ, OSCAR GUTIERREZ, ALONZO JOHNSON, TIFFANY JOHNSTON, ALEXANDRIA KRISPIN, CHARLENE LYBARGER, GABRIELA MIZE, ALYSSA MOORE, BRIANNA MOORE, WALLY NICHOLS, KRISTEN OETTLE, THOMAS PEARCE, THADDEUS PHILLIPS, AARON EMANUEL RIVERA, BRYTON ROACH, PHILLIP ROSS, JOSUE SALGADO, JEFF SANSONE, KELSI SCHWARTZ, SHANE SNYDER, JOHNATHIN SUTTON, RHONDA TANDY, MELISSA VITTORELLI, MICHAEL WARREN, AARON WEISS AND SHAMEKA WILLIAM ("Plaintiffs"), individually, and on behalf of all others similarly situated ("the Class"), bring this action against the Defendants described herein  ("McDonald's" or "Defendants"), for claims relating to the violation of their privacy rights and to recover statutory damages for Defendants' unauthorized collection, storage, and use of their respective biometric information in violation of BIPA.

## PARTIES

### I.    PLAINTIFFS

6.    Each of the named plaintiffs and putative class representatives had their biometric information collected, captured, stored and used by McDonald's for the purpose of tracking time and attendance while they worked at McDonalds.

7.    Plaintiff Krista Noell is, and at all times relevant to this action was, a resident citizen of Madison County, Illinois. Noell is a former McDonald's employee at a location in Collinsville,

Exhibit U - Page 11 of 467

Illinois. Noell was required to submit her biometric information at the direction of and for use by McDonald's. At no time while working at McDonald's was Noell informed in writing that her biometric information was being collected or stored or of the specific purpose and length of term for which her biometric information was being collected, stored, and used. At no time did Noell execute a writing releasing or permitting McDonald's to utilize her biometric information. Noell was never provided with a publicly available written policy regarding a schedule or guideline for the retention and permanent destruction of her biometric information.

8.      Tim Bellefeuille is an Illinois resident who worked in a McDonald's restaurant located at 1610 E. Empire, Bloomington, Illinois 61701, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

9.      Haleigh Rae Besinger is an Illinois resident who worked in a McDonald's restaurant located at 4007 W. Barring Terrace, Peoria, Illinois 61615, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

10.     Hannah Capperino is an Illinois resident who worked in a McDonald's restaurant located at 11241 W. 159th Street, Orland Park, Illinois 60467, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

11.     Xavier Casillas is an Illinois resident who worked in a McDonald's restaurant located at 2400 W. Lincoln Highway, Olympia Fields, Illinois 60461, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

12.     Erin Castrejon is an Illinois resident who worked in a McDonald's restaurant located at 1441 Kishwaukee St., Rockford, Illinois 61104, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

13.     Brandon Chaples is an Illinois resident who worked in a McDonald's restaurant located at 302 South Route 31, McHenry, Illinois 60050, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

14.     Creighton Colson is an Illinois resident who worked in a McDonald's restaurant located at 4805 Broadway Street, Quincy, Illinois 62305, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

15.     James Cowan is an Illinois resident who worked in a McDonald's restaurant located at 3433 Avenue of The Cities, Moline, Illinois 61265-4418, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

16.     Shayne Emery is an Illinois resident who worked in a McDonald's restaurant located at 3250 S. 6th Street, Springfield, Illinois 62701, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

17.     Stacie Ferguson is an Illinois resident who worked in a McDonald's restaurant located at 321 N. Morton, Morton, Illinois 61550-1524, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

18.     Andrea Franklin is an Illinois resident who worked in a McDonald's restaurant located at 161 Spinder Drive, East Peoria, Illinois 61611, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

19.     Sarah Furlong is an Illinois resident who worked in a McDonald's restaurant located at 4301 W. Wabash Avenue, Springfield, Illinois 62711, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

11

20.     Anthony Gant is an Illinois resident who worked in a McDonald's restaurant located at 100 N. Bolingbrook Drive, Bolingbrook, Illinois 60440, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

21.     Ivan Gonzalez is an Illinois resident who worked in a McDonald's restaurant located at 520 Ramada Blvd, Collinsville, Illinois 62234, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

22.     Oscar Gutierrez is an Illinois resident who worked in a McDonald's restaurant located at 3249 Belvidere Road, Park City, Illinois 60085, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

23.     Alonzo Johnson is an Illinois resident who worked in a McDonald's restaurant located at 2045 Madison Avenue, Granite City, Illinois 62040-4618, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

24.     Tiffany Johnston is an Illinois resident who worked in a McDonald's restaurant located at 525 Brock Drive, Bloomington, Illinois 61701-2640, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

25.     Alexandria Krispin is an Illinois resident who worked in a McDonald's restaurant located at 930 Wriverside Boulevard, Rockford, Illinois 61103, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

26.     Charlene Lybarger is an Illinois resident who worked in a McDonald's restaurant located at 1006 Purnell Drive, Mahomet, Illinois 61853, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

27.     Gabriela Mize is an Illinois resident who worked in a McDonald's restaurant located at 1134 N. Main Street, Monmouth, Illinois 61462-1209, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

28.     Alyssa Moore is an Illinois resident who worked in a McDonald's restaurant located at 1402 SE Third Street, Aledo, Illinois 61231, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

29.     Brianna Moore is an Illinois resident who worked in a McDonald's restaurant located at 1134 N. Main Street, Monmouth, Illinois 61462-1209, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

30.     Wally Nichols is an Illinois resident who worked in a McDonald's restaurant located at 3195 North Vermilion Street, Danville, Illinois 61832-1312, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

31.     Kristen Oettle is an Illinois resident who worked in a McDonald's restaurant located at 5511 Godfrey Road, Godfrey, Illinois 62035, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

32.     Thomas Pearce is an Illinois resident who worked in a McDonald's restaurant located at 1402 SE Third Street, Aledo, Illinois 61231, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

33.     Thaddeus Phillips is an Illinois resident who worked in a McDonald's restaurant located at 1700 Division St, Morris, Illinois 60450, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

34.     Aaron Emanuel Rivera is an Illinois resident who worked in a McDonald's restaurant located at 339a Douglas Road, Oswego, Illinois 60543, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

35.     Bryton Roach is an Illinois resident who worked in a McDonald's restaurant located at 2 Ohren Drive, Litchfield, Illinois 62056, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

36.     Phillip Ross is an Illinois resident who worked in a McDonald's restaurant located at 1156 Vaughn Road, Wood River, Illinois 62095, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

37.     Josue Salgado is an Illinois resident who worked in a McDonald's restaurant located at 1402 SE Third Street, Aledo, Illinois 61231, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

38.     Jeff Sansone is an Illinois resident who worked in a McDonald's restaurant located at 4946 N. Milwaukee Avenue, Chicago, Illinois 60630-2115, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

39.     Kelsi Schwartz is an Illinois resident who worked in a McDonald's restaurant located at 1013 Court Street, Pekin, Illinois 61554-4817, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

40.     Shane Snyder is an Illinois resident who worked in a McDonald's restaurant located at 501 S Grand Avenue East, Springfield, Illinois 62703, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

14

41. Johnathin Sutton is an Illinois resident who worked in a McDonald's restaurant located at 2100 N. Dirksen Parkway, Springfield, Illinois 62702, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

42. Rhonda Tandy is an Illinois resident who worked in a McDonald's restaurant located at 1013 Court Street, Pekin, Illinois 61554-4817, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

43. Melissa Vittorelli is an Illinois resident who worked in a McDonald's restaurant located at 3020 E. 8th Road, Utica, Illinois 61373, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

44. Michael Warren is an Illinois resident who worked in a McDonald's restaurant located at 810 E. Broadway, Centralia, Illinois 62801-3327, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

45. Aaron Weiss is an Illinois resident who worked in a McDonald's restaurant located at 300 Columbia Center, Columbia, Illinois 62236-9803, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

46. Shameka Williams is an Illinois resident who worked in a McDonald's restaurant located at 1380 W. Lake Street, Chicago, Illinois 60607, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

## II. DEFENDANTS

47. Defendant McDonald's USA, LLC., is a Delaware limited liability company, with its principal place of business in Oak Brook, Illinois. It is a wholly-owned subsidiary of its parent and predecessor, McDonald's Corporation, which is a Delaware corporation with its principal place of business in Oak Brook, Illinois. McDonald's is in the business of selling food to

15

customers primarily through independently owned and operated franchise restaurants. It has multiple franchise restaurants throughout Illinois. McDonald's USA, LLC., may be served with process via its registered agent, Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield IL 62703.

48.     Defendant McDonald's Corporation is a Delaware corporation with its principal place of business in Oak Brook, Illinois. Defendant McDonald's Corporation is the parent corporation of McDonald's USA, LLC., McDonald's USA, LLC., may be served with process via its registered agent, Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield IL 62703.

49.     Approximately 90 percent of McDonald's restaurants in the United States are franchised. Ten percent are maintained and managed by McDonald's USA, LLC., and McDonald's Corporation, Defendants McDonald's USA, LLC., and McDonald's Corporation greatly influence the hiring practices of their franchisees. For example, as part of McDonald's USA, LLC., and McDonald's Corporation's systematic and overt control over even the smallest details of its franchisees' day-to-day operations, franchisees must submit contractually to a "no hire" or "no solicitation" clause in Defendants' franchise agreements that expressly forbids franchisees from "employ[ing] or seek[ing] to employ any person" who at the time is, or within the preceding six months has been, employed by McDonald's, by any of its subsidiaries, or by any other franchisee.

50.     Defendant Amore Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 3020 E 8th Road, Utica, Illinois.

51.     Defendant Bold Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 5511 Godfrey Rd, Godfrey, Illinois.

52. Defendant BRE Mid America, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 321 N. Morton, Morton, Illinois.

53. Defendant Burris Management, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 300 Columbia Center, Columbia, Illinois.

54. Defendant Cafe M, LLC is franchisee of one or more restaurants in the McDonald's System, including the locations at 930 W Riverside Boulevard, Rockford, Illinois, and 1441 Kishwaukee St., Rockford, Illinois.

55. Defendant Clark 15803, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 4007 W Barring Trace, Peoria, Illinois.

56. Defendant CMJ Corp. is franchisee of one or more restaurants in the McDonald's System, including the location at 2100 N. Dirksen Pkwy, Springfield, Illinois.

57. Defendant DND Witzel Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 3195 North Vermillion St., Danville, Illinois.

58. Defendant Estel Foods, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 2045 Madison Avenue, Granite City, Illinois 62040.

59. Defendant F & F Investments of Illinois, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 3433 Avenue of the Cities, Moline, Illinois 61265.

60. Defendant Guero, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 161 Spider Dr., East Peoria, Illinois 61611.

61. Defendant J&B Enterprises of Springfield, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 501 S. Grand Avenue, Springfield, Illinois 62703.

62.     Defendant Jann Restaurant, Inc. is franchisee of one or more restaurants in the McDonald's System, including the locations at 1006 Purnell Dr. Mahomet, Illinois 61853 and 1610 E Empire, Bloomington, Illinois 61701.

63.     Defendant Jeffers Family Management, Inc. is franchise of one or more restaurants in the McDonald's System, including the location at 4301 W. Wabash Ave., Springfield, Illinois 62711.

64.     Defendant Karavites Restaurant 33426, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 1380 W. Lake Street, Chicago, Illinois 60607.

65.     Defendant Karavites Restaurant 6298, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 4946 N. Milwaukee Avenue, Chicago, Illinois 60630.

66.     Defendant Luna, Inc. is franchisee of one or more restaurants in the McDonald's System, including the locations at 1134 N. Main St., Monmoth, Illinois 61462 and 1402 SE Third St., Aledo, Illinois 61231.

67.     Defendant MaryMac, Inc. is franchisee of one or more restaurants in the McDonald's System, including the locations at 520 Ramada Blvd, Collinsville, Illinois 62234 and 503 Belt Line Rd., Collinsville, Illinois 62234 and 1156 Vaughn Rd, Wood River Illinois 62095.

68.     Defendant McDonald's Restaurants of Illinois, Inc. is corporate owner or franchisee of one or more restaurants in the McDonald's System, including the location at 100 N Bolingbrook Dr., Bolingbrook, Illinois 60440.

69.     Defendant McEssy Investment Company is franchisee of one or more restaurants in the McDonald's System, including the location at 3249 Belvidere Road, Park City, Illinois 60085.

70.    Defendant McGraw Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the locations at 2 Ohren Dr., Litchfield, Illinois 62056 and 3250 S 6th St., Springfield, Illinois 62701.

71.    Defendant Mibrya, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 1013 Court St., Pekin, Illinois 61554.

72.    Defendant MMJ Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 525 Brock Dr., Bloomington, Illinois 61701.

73.    Defendant P.T. Poulee, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 1700 Division St., Morris, Illinois 60450.

74.    Defendant Petro Bear, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 302 South Route 31, McHenry, Illinois 60050.

75.    Defendant Q3, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 4805 Broadway Street, Quincy, Illinois 62305.

76.    Defendant RAF Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 11241 W 159th Street, Orland Park, Illinois 60467.

77.    Defendant RCKC Corporation is franchisee of one or more restaurants in the McDonald's System, including the location at 2400 W. Lincoln Highway, Olympia Fields, Illinois 60461.

78.    Defendant Schmitt-Boulder Hill, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 339A Douglas Road, Oswego, Illinois 60543.

79.    Defendant TDS Services, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 801 E. Broadway, Centralia, IL 62801.

19

80.     Together, Defendants herein operate a large portion of the McDonald's restaurant system in Illinois ("McDonald's System").

81.     Plaintiffs are unaware of the true names or capacities, whether individual, corporate, associate or otherwise, of those defendants fictitiously sued as Does 1 through 600 inclusively and therefore Plaintiffs sue them by these fictitious names.   Plaintiffs name only the Doe defendants 1 through 600 that are citizens of Illinois, and specifically refrain from and do not include herein any non-Illinois citizen whether individual, corporate, associate or otherwise.  Doe defendants 1 through 600 are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiffs will amend their Complaint to show the true names and capacities of these fictitiously named defendants.

## III.    THE COMMON LIABILITY OF DEFENDANTS AS OFFENDING PARTIES WITHIN THE MCDONALD'S SYSTEM

82.     Section 20 of BIPA provides: "Sec. 20. Right of action. Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party."  740 ILCS 14/20.

83.     As detailed herein, Defendants – participants in the McDonald's System – are all offending parties within the meaning of BIPA, 740 ILCS 14/20.

84.     As publicly-available copies of McDonald's Traditional Franchise Agreement[1] explain, McDonald's is a System (the "McDonald's System"):

**1.     *Nature and Scope of Franchise***

(a) McDonald's operates a restaurant system ("McDonald's System"). The McDonald's System is a comprehensive system for the ongoing development,

---

[1] *See e.g. https://www.bluemaumau.org/sites/default/files/MCD%202013%20FDD.pdf* (last accessed May 17, 2019). Plaintiffs currently understand the Traditional Agreement is employed in all but special circumstances such as kiosks, Walmart locations, and similar.

20

operation, and maintenance of McDonald's restaurant locations . . . and includes proprietary rights in certain valuable trade names, service marks, and trade marks . . . . methods of . . . operation control . . . and manuals covering business practices and policies.

85.  McDonald's Traditional Agreement further explains repeatedly that strict adherence to McDonald's policies and procedures – including the use of only prescribed equipment – is at the heart of the McDonald's System. Thus:

> 1. *Nature and Scope of Franchise* . . .
>
> (c)  The foundation of the McDonald's System and the essence of this Franchise is the adherence by Franchisee to standards and policies of McDonald's providing for the uniform operation of all McDonald's restaurants within the McDonald's System including, but not limited to . . . the use of only prescribed equipment . . . . [T]he establishment and maintenance of a close personal working relationship with McDonald's in the conduct of Franchisee's McDonald's restaurant business, Franchisee's accountability for performance of the obligations contained in this Franchise, and Franchisee's adherence to the tenets of the McDonald's System constitute the essence of this Franchise.

86.  And:

> 1. *Nature and Scope of Franchise* . . .
>
> (d)  The provisions of this Franchise shall be interpreted to give effect to the intent of the parties stated in this paragraph 1 so that the Restaurant shall be operated in conformity to the McDonald's System through strict adherence to McDonald's standards and policies as they exist now and as they may be from time to time modified.

87.  Accompanying the virtually unlimited scope the policies and procedures which form the heart of the McDonald's System are McDonald's corporate obligations to advise all members of the Systems on operations:

> 3. *General Services of McDonald's.*  McDonald's shall advise and consult with Franchisee periodically in connection with the operation of the Restaurant and also, upon Franchisee's request, at other reasonable times. McDonald's shall communicate to Franchisee know-how, new developments, techniques, and improvements in areas of restaurant management, food preparation, and service which are pertinent to the operation of a restaurant using the McDonald's System. The communications shall be accomplished by visits by operations consultants,

21

printed and filmed reports, seminars, and newsletter mailings. McDonald's shall also make available to Franchisee all additional services, facilities, rights, and privileges relating to the operation of the Restaurant which McDonald's makes generally available, from time to time, to all its franchisees operating McDonald's restaurants.

88.     McDonald's corporate role is not merely advisory. Strict adherence to McDonald's

policies and procedures is required all across the McDonald's System:

**4. *Manuals.*** McDonald's shall provide Franchisee with the business manuals prepared for use by franchisees of McDonald's restaurants similar to the Restaurant. The business manuals contain detailed information including: (a) required operations procedures; . . . (d) business practices and policies; and (e) other management and advertising policies. **<u>Franchisee agrees to promptly adopt and use exclusively</u>** the formulas, methods, and policies contained in the business manuals, now and as they may be modified from time to time.

89.     And:

**12. *Compliance With Entire System.*** Franchisee acknowledges that every component of the McDonald's System is important to McDonald's and to the operation of the Restaurant as a McDonald's restaurant . . . .

Franchisee shall comply with the entire McDonald's System, including, but not limited to, the following:

(a) Operate the Restaurant in a clean, wholesome manner in compliance with prescribed standards of Quality, Service, and Cleanliness; comply with all business policies, practices, and procedures imposed by McDonald's . . .

(b) Purchase . . . equipment in accordance with the equipment specifications and layout initially designated by McDonald's . . . .

90.     Compliance with the McDonald's System also includes a corporate mandate to

comply with all applicable laws:

**12. *Compliance With Entire System.*** Franchisee acknowledges that every component of the McDonald's System is important to McDonald's and to the operation of the Restaurant as a McDonald's restaurant . . . .

Franchisee shall comply with the entire McDonald's System, including, but not limited to, the following: . . .

22

(k) At Franchisee's own expense, comply with all federal, state, and local laws, ordinances, and regulations affecting the operation of the Restaurant.

91.     The failure of a McDonald's location to implement the policies and procedures required by McDonald's is expressly considered a material breach of the System:

**18. *Material Breach*.** The parties agree that the happening of any of the following events shall constitute a material breach of this Franchise and violate the essence of Franchisee's obligations . . . :

(a) Franchisee shall fail to maintain and operate the Restaurant in a good, clean, wholesome manner and in compliance with the standards prescribed by the McDonald's System . . . .

92.     McDonald's makes sure it has near-plenary authority to oversee and inspect all equipment, operations, and activities in the McDonald's System:

**10. *Reports* . . . .**

McDonald's shall have the right to inspect and/or audit Franchisee's accounts, books, records, and tax returns at all reasonable times to ensure that Franchisee is complying with the terms of this Franchise.

and

**12. *Compliance With Entire System* . . . .**

McDonald's shall have the right to inspect the Restaurant at all reasonable times to ensure that Franchisee's operation thereof is in compliance with the standards and policies of the McDonald's System.

93.     In summary: Coordination, cooperation, and joint action between McDonald's corporate structure and franchisees was and is not only mutually beneficial, but also of the essence of the McDonald's System itself.

94.     Without cooperation and joint action from franchisees, McDonald's cannot maintain across the McDonald's System the uniformity and control of equipment and processes its corporate interests require and crave. Such uniformity is essential to McDonald's branding and business purposes.

23

95.     Similarly, without cooperation, joint action, and support from McDonald's corporate structure, franchisees cannot effectively acquire and implement technology and processes at their respective McDonald's locations in the McDonald's System. Such support and economies of scale are essential to franchisees' livelihood and business purposes.

96.     Accordingly, while McDonald's corporate interests will frequently pepper System documents with self-serving language in an attempt to artificially limit their liability, all such statements are of no legal effect and are to be disregarded.

97.     This is as true for the facts and circumstances underlying this case as it is for others. McDonald's USA, LLC, McDonald's Corporation, and the other Defendants herein acted cooperatively, jointly, and in unison to collect and capture workers' biometric identifiers or biometric information all across the McDonald's System in Illinois.

98. Thus, while not every McDonald's location in the System employed biometric capture devices, it is no accident or coincidence that virtually every location in the System which *did* employ such devices used the same device: the Digital Persona U.are.U 4500 Fingerprint Reader.

99. It is also believed that all McDonald's undertake operations, including the capture and collection of biometric information, using McDonald's proprietary software which McDonald's considers its own intellectual property, and that further, McDonald's would not permit non-approved software to be employed in the McDonald's System.

100.    McDonalds' corporate interests could not and would not permit the use of non-approved biometric capture software and hardware at locations within the McDonald's System; McDonald's franchisees could not and would not effectively and economically implement non-

24

approved biometric capture hardware and software within the confines and strictures of the McDonald's System, as imposed by McDonald's corporate interests.

101. An email communication devised by Jeff Gukenberger, U.S. McDonald's Owner/Operator Risk Manager, demonstrates the lengths and depths to which McDonald's controlled not only the collection and capture of biometric information across the McDonald's System, but also controlled legal compliance with BIPA:

> From: Gukenberger Jeff (Contractor)
> Sent: Wednesday, October 11, 2017 10:03 PM
> To: Gukenberger Jeff (Contractor) <Jeff.Gukenberger@us.mcd.com <mailto:Jeff.Gukenberger@us.mcd.com> >
> Subject: Communication to Illinois Owner Operators regarding ILLINOIS BIOMETRIC PRIVACY ACT (fingerprint readers for POS)
>
> Dear Illinois Owner/Operators,
>
> I've met/talked with many of you before, but for those I've not met, I'd like to give a quick introduction. I am the U.S. McDonald's Owner/Operator Risk Manager. I work directly for you in helping lower your risks.
>
> It is my understanding that you may currently or will in the future begun utilizing an eSmartClock, including the biometric function that allows employees to punch in and out using their fingerprint. When you collect and use employee biometric data in this manner, Illinois law requires that you take specific actions. Failure to comply with the requirements established by the Illinois' Biometric Information Privacy Act can create exposure for your company that could result in a lawsuit and substantial penalties and fines.
>
> LaPointe Law is the law firm that provides employment law advice through the Helpline, which is part of RSUI's National EPLI Program. Their firm has drafted the attached Fact Sheet, Shift Huddle Communication, Biometric Data Consent Form (in English and in Spanish) and Biometrics Data Retention and Destruction Policy. These documents address each of the requirements under Illinois law. Please review each document carefully, and if you have questions, contact LaPointe Law on the Helpline at 877-376-4100.
>
> Any owner operator who has technical questions regarding the function and use of the eSmartClock should contact <mailto:erestaurant@us.mcd.com> erestaurant@us.mcd.com.

Sincerely,

Jeff Gukenberger

Jeff Gukenberger
U.S. Owner/Operator Risk Manager
. . .
<mailto:jeff.gukenberger@us.mcd.com> jeff.gukenberger@us.mcd.com

102.    Indeed, the claims of former Plaintiff Macy Koeneman in this very case show the unitary functioning of the McDonald's System.   Koeneman worked at a McDonald's in Mascoutah, Illinois.

103.    McDonald's corporate interests claim the Mascoutah McDonald's is a franchise location, and thus, have further claimed they do not have access to information and documents from the same.

104.    Yet, when it served McDonald's litigation interests, McDonald's readily obtained and produced a purported BIPA wavier from Ms. Koeneman from this location.

105.    Defendants are all "offending parties" within the meaning of BIPA, 740 ILCS 14/20.

106.    This specifically includes McDonald's USA, LLC, and McDonald's Corporation as to liability across the McDonald's System.   McDonald's USA, LLC, and McDonald's Corporation are "offending parties" within the meaning of BIPA, 740 ILCS 14/20, all across the McDonald's System, and without regard to whether any given McDonald's location is corporate or franchise.

107.    Furthermore and/or in the alternative, McDonald's USA, LLC., and/or McDonald's Corporation exercised, and continue to exercise, control over their franchisees and their respective operations, including the facts and circumstances giving rise to this case, such that each of them, and both, are liable jointly and severally for violations of BIPA occurring at any Illinois

26

McDonald's, without further qualification, whether through operation of respondeat superior, the law of agency, alter ego, common law joint and several liability, joint employer, or other grounds.

## JURISDICTION AND VENUE

108.   This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq*.) seeking statutory and actual damages.

109.   This Court has subject matter and personal jurisdiction over the parties to this cause of action.  All named parties are Illinois natural persons or corporate citizens of Illinois, and the Doe parties, by definition, are limited to Illinois natural persons or corporate citizens of Illinois. Accordingly, there is no complete diversity of citizenship as contemplated by 28 U.S.C. §1332(a), nor is there minimal diversity as contemplated by 28 U.S.C. §1332(d)(ii).  No federal question is presented by this complaint.  Plaintiffs bring this complaint solely under state law and not under federal law, and specifically not under the United States Constitution, nor any of its amendments, nor under 42 U.S.C. § 1981 or 1982, nor any other federal statute, law, rule, or regulation.  Federal jurisdiction does not exist.  Plaintiffs believe and allege that a cause of action exists under the state law claims for the conduct complained of herein.  If this Court or the Appellate Courts of Illinois were to rule that plaintiffs have no cause of action under state law for the conduct set out herein, then plaintiffs seek no remedy.  Accordingly, plaintiffs expressly waive and hereby disavow any claim for any relief whatsoever under any federal law or any federal question concerning the allegations of this complaint, whether said allegations are pled or not.

110.   This Class Action is brought on behalf of only Illinois citizens within the State of Illinois who submitted their respective biometric information to the Defendants within the State of Illinois.

27

111. Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over the defendants McDonald's USA, LLC., and McDonald's Corporation because these defendants are corporate citizens of Illinois, having their respective headquarters and principal places of business in Oak Brook, Illinois, and are therefore present in the State of Illinois such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

112. Defendants employed each named plaintiff and each class member in Illinois, including in St. Clair County, Illinois. Accordingly, venue is proper under 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure.

113. Plaintiffs, and each member of the Class, have individually incurred actual damages in an amount less than $75,000.00. Neither the Plaintiffs nor any member of the Class seek damages exceeding $75,000, nor do their damages individually exceed $75,000.00, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. Plaintiffs do not seek any form of "common" recovery, but rather individual recoveries not to exceed $75,000.00, for any Class member, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder.

## FACTS COMMON TO ALL COUNTS

**IV. Illinois' Biometric Information Privacy Act**

114. In 2008, our state enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company, to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

28

(1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject ... in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

115.    Section 15 (a) of BIPA also provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

116.    As alleged herein, the Defendants' practices of collecting, storing, and using individuals' biometric identifiers without informed written consent violate all three prongs of § 15(b) of BIPA. The Defendants' failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric information also violates §15(a) of BIPA.

## V.    Defendants' Utilization of Biometric Information To Advance Their Commercial Interests

117.    Defendants have been toying with the capture, collection, storage and use of the biometric information of employees and customers since 2003, testing the technology outside the United States before implementing it here.

118.    In fact, on October 21, 2003, IR Recognition Systems, the biometric component of Ingersoll Rand's Security & Safety Group's Electronic Access Control Division (EACD),

29

announced that 85 McDonald's restaurants were cutting payroll costs by up to 22 percent annually after incorporating biometric handpunch terminals to record time and attendance.[2]

119.    Indeed, as of the beginning of the decade, Ingersoll Rand had already sold 150,000 biometrics capture machines to McDonald's and other corporate interests.[3]

120.    In December of 2015, it was reported that McDonald's was piloting a new biometric authentication technology on its point-of-sale (POS) system at select restaurants, including those in the United States.[4]  In those locations, a fingerprint scan device was installed on cash registers requiring a fingerprint scan to activate the registers.  This biometric scanning was implemented to help detect fraud and aid McDonald's operations and management keep track of which of its employees had access to certain registers.

121.    Similarly, in Illinois and throughout the United States, McDonald's has implemented biometric scanners to track time and attendance of its employees, in an effort to combat time and attendance fraud.  According to McDonald's USA, LLC.,'s senior director of safety and security, "It's very difficult to manage [fraud] if you've got 60 to 70 employees under one roof in one restaurant…"[5]

122.    Each of the named plaintiffs had their biometric information collected, captured, stored and used by McDonald's for the purpose of tracking time and attendance while they were employees of McDonalds.

---

[2] *HandPunch Eliminates Expensive "Buddy Punching"; Over 3,00 Employees at 85 Restaurants Have Clocked In and Out Biometrically*, http://www.businesswire.com/news/home/20031021005312/en/McDonalds-Reduces-Payroll-Costs-22-IR-Recognition

[3] *Fingerprint scans replace punch of time clocks*, http://abcnews.go.com/Technology/story?id=4543655
[4] *McDonald's testing biometrics technology on POS system*, http://www.biometricupdate.com/201512/mcdonalds-testing-biometrics-technology-on-pos-system

[5]Restaurant Security, A Tale of Turnover and Technology, Security Management, a publication of ASIS International. https://sm.asisonline.org/Pages/Restaurant-Security---A-Tale-of-Turnover-and-Technology.aspx

30

**VI.    Defendants' Violations of Illinois' Biometric Information Privacy Act**

123.    McDonald's restaurant locations throughout Illinois utilize a finger or hand print reader/scanner for the purposes of measuring employees' time and attendance; this is the primary method to "clock-in" at many but not all locations throughout Illinois. For all present and past employees that have worked at these restaurant locations, Defendants required that their employees provide biometric information, specifically a scan of their respective finger and/or hand prints.

124.    Upon investigation and belief, the Defendants are violating BIPA in collecting and storing the biometric information of their employees at the restaurant locations that utilize biometric scanners (finger / hand print readers), as they are not first informing employees in writing that their biometric information is or will be collected and stored;   they are not first informing employees in writing of the specific purpose and length of term for which their respective biometric identifiers or biometric information will be collected, stored, and/or used;  nor are they first securing written releases from each respective employee.

125.    The Defendants' violations of BIPA are not occurring at just one location, nor are they being perpetrated in only one geography.  The Defendants' violations of BIPA are occurring throughout the state of Illinois, and have been occurring since Defendants' implementation of biometric scanners/readers.

<u>**CLASS ACTION ALLEGATIONS**</u>

126.    This action is brought by Plaintiffs on their own behalf and on behalf of a proposed class of all other persons similarly situated, pursuant to 735 ILCS 5/2-801, defined as follows: *All Illinois citizens who had their biometric identifiers, information or data captured, collected, stored or used by the Defendants in violation of 740 ILCS 14/1, et. seq.*

31

127.   The plaintiffs are the masters of their complaint and cause.  They specifically exclude from the proposed class: the claims of any non-Illinois citizen; any and all claims against any non-Illinois citizens; any other claims, including claims for personal injury, wrongful death, or other property damage sustained by the Class; and any Judge conducting any proceeding in this action and members of their immediate families.

128.   The Class is so numerous that the individual joinder of all members is impracticable.  While the exact number of Class members is unknown at this time, it is generally ascertainable by appropriate discovery, is in the exclusive control of the Defendants, and it is believed that the Class includes thousands of members.

129.   Common questions of law or fact arising from the defendants' conduct exist as to all members of the Class, as required by 735 ILCS 5/2-801.  These common questions include, but are not limited to, the following:

    a.   Whether the Defendants captured, collected, stored or used the biometric information of the plaintiffs and the class?

    b.   If the Defendants captured, collected, stored or used the biometric information of the plaintiffs and the class, did the Defendants inform the plaintiffs and the class in writing that a biometric identifier or biometric information was being collected or stored?

    c.   If the Defendants captured, collected, stored or used the biometric information of the plaintiffs and the class, did the Defendants inform the plaintiffs and the class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used?

    d.   If the Defendants captured, collected, stored or used the biometric information of the plaintiffs and the class, did the Defendants receive a written release executed by the plaintiffs and the class of the biometric identifier or biometric information or the plaintiffs' or class' legally authorized representative?

    e.   If the Defendants captured, collected, stored or used the biometric information of the plaintiffs and the class, did the Defendants  develop a

32

written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

f.   Whether Defendants required employees to provide biometric information?

g.   Whether the Defendants captured, collected, stored or used the biometric information of customers?

130.   Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable. The Class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication. The expense and burden of individual litigation of a case of this magnitude makes it impracticable for individual Class members to seek redress for the wrongs worked upon them.

131.   Individual litigation of all claims which might be asserted by all Class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. The certification of a Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of individual Class members, and result in judicial consistency.

132.   Plaintiffs will fairly and adequately protect the interests of the Class they represent. The interests of Plaintiffs, as the Class representatives, are consistent with those of the members of the Class. In addition, Plaintiffs are represented by counsel experienced in complex and class action litigation.

Exhibit U – Page 35 of 467

133. The prosecution of separate actions by individual members of the Class would create a risk of:

    a.    Inconsistent or varying adjudications with respect to individual members of the Class; and

    b.    Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

134. Plaintiffs and Class members envision no unusual difficulty in the management of this action as a Class action.

## COUNT I – MCDONALD'S USA, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

135. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

136. Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

137. Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

138. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

139. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its

34

agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

140.  Defendant MCDONALD'S USA, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

141.  Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT II– MCDONALD'S USA, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

142.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

143.     Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S USA, LLC  is therefore a "private entity" pursuant to BIPA.

144.     Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

145.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

146.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

147.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

36

148.     Defendant MCDONALD'S USA, LLC did not comply with its established retention schedule and destruction guidelines.

149.     Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT III– MCDONALD'S USA, LLC
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

150.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

151.    Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

152.    Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

153.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

154.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

155.    Defendant MCDONALD'S USA, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

156.    Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT IV– MCDONALD'S USA, LLC**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

157.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

158.   Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

159.   Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

160.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the

39

specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

161. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

162. Defendant MCDONALD'S USA, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

163. Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>COUNT V-- MCDONALD'S USA, LLC</u>
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

164. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

165. Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

166. Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

167. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

168. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

169. Defendant MCDONALD'S USA, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

170.    Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT VI– MCDONALD'S USA, LLC
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

171.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

172.    Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S USA, LLC therefore a "private entity" pursuant to BIPA.

42

173.    Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from many associated workers.

174.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

175.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

176.    On information and belief, Defendant MCDONALD'S USA, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

177.    Stating further, while not necessary to pleading these claims, MCDONALD'S USA, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

178.    Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant

43

MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT VII– MCDONALD'S USA, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

179.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

180.   Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

181.   Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

182.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

183.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its

44

agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

184.     Defendant MCDONALD'S USA, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

185.     Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT VIII– MCDONALD'S USA, LLC
#### Violation of 740 ILCS 14/15(e)(2)

45

**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

186.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

187.     Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S USA, LLC  is therefore a "private entity" pursuant to BIPA.

188.     Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

189.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

190.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

191.     Defendant MCDONALD'S USA, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

192.     Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

46

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT IX – MCDONALD'S CORPORATION
#### Violation of 740 ILCS 14/15(a)
#### Failure to Properly Establish Publicly-Available Policy
#### (On Behalf of Plaintiffs and the Class)

193.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

194.    Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

195.    Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

196.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for

**Exhibit U – Page 49 of 467**

permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

197.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

198.    Defendant MCDONALD'S CORPORATION did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

199.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;    (2)    a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00

48

for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT X– MCDONALD'S CORPORATION**
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

200. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

201. Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

202. Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

203. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

204. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

49

205.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

206.    Defendant MCDONALD'S CORPORATION did not comply with its established retention schedule and destruction guidelines.

207.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XI– MCDONALD'S CORPORATION
### Violation of 740 ILCS 14/115(b)(1)

50

**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

208. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

209. Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

210. Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

211. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

212. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

213. Defendant MCDONALD'S CORPORATION collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

214. Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XII– MCDONALD'S CORPORATION
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

215. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

216. Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

217. Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

52

218.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

219.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

220.    Defendant MCDONALD'S CORPORATION failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

221.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements

of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00

for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively,

statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court

finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent;  (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);

and (6) for any other relief deemed appropriate in the premises.

### COUNT XIII– MCDONALD'S CORPORATION
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

222.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

223.    Defendant MCDONALD'S CORPORATION is a company organized under the

laws of the State of Illinois.  Defendant MCDONALD'S CORPORATION is therefore a "private

entity" pursuant to BIPA.

224.    Defendant MCDONALD'S CORPORATION is a private entity that collects

biometric information from McDonald's workers.

225.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture,

purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by

the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3)

(emphasis added).

226.    The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION

or its agents through, inter alia, copying/recording of their respective finger prints and possibly

other individual biometric data points.

54

227. Defendant MCDONALD'S CORPORATION collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

228. Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XIV– MCDONALD'S CORPORATION
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

229. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

55

230. Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION therefore a "private entity" pursuant to BIPA.

231. Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from many associated workers.

232. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

233. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

234. On information and belief, Defendant MCDONALD'S CORPORATION disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

235. Stating further, while not necessary to pleading these claims, MCDONALD'S CORPORATION did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

236. Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XV– MCDONALD'S CORPORATION
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

237. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

238. Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

239. Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

240. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

57

241.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

242.    Defendant MCDONALD'S CORPORATION collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

243.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5)

58

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XVI– MCDONALD'S CORPORATION
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

244.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

245.    Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION  is therefore a "private entity" pursuant to BIPA.

246.    Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

247.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

248.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

249.    Defendant MCDONALD'S CORPORATION collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

59

250.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XVII – AMORE ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Properly Establish Publicly-Available Policy
#### (On Behalf of Plaintiffs and the Class)

251.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

252.    Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

60

253. Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

254. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

255. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

256. Defendant AMORE ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

257. Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE

61

ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XVIII– AMORE ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

258.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

259.    Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

260.    Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

261.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

262.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

263.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

264.     Defendant AMORE ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

265.     Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant

AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and

costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed

appropriate in the premises.

**COUNT XIX– AMORE ENTERPRISES, INC.**
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

266.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

267.     Defendant AMORE ENTERPRISES, INC. is a company organized under the

laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity"

pursuant to BIPA.

268.     Defendant AMORE ENTERPRISES, INC. is a private entity that collects

biometric information from McDonald's workers.

269.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture,

purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers

or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier

or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

270.     The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its

agents through, inter alia, copying/recording of their respective finger prints and possibly other

individual biometric data points.

271.     Defendant AMORE ENTERPRISES, INC. collection and storage of the

plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and

class members in writing that a biometric identifier or biometric information was being collected or

stored.

64

272. Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XX– AMORE ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

273. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

274. Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

65

275.     Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

276.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

277.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

278.     Defendant AMORE ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

279.     Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2)  a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>**COUNT XXI– AMORE ENTERPRISES, INC.**</u>
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

280.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

281.    Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

282.    Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

283.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

284.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

67

285.     Defendant AMORE ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

286.     Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXII– AMORE ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

287.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

68

288.     Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant AMORE ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

289.     Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

290.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

291.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

292.     On information and belief, Defendant AMORE ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

293.     Stating further, while not necessary to pleading these claims, AMORE ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

294.     Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

69

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXIII– AMORE ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

295.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

296.     Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

297.     Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

298.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

70

299.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

300.   Defendant AMORE ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

301.   Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and

71

costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXIV– AMORE ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

302.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

303.    Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

304.    Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

305.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

306.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

307.    Defendant AMORE ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

308.  Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXV – BOLD ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Properly Establish Publicly-Available Policy
#### (On Behalf of Plaintiffs and the Class)

309.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

310.  Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

73

311.     Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

312.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

313.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

314.     Defendant BOLD ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

315.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD

**Exhibit U - Page 76 of 467**

ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXVI– BOLD ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

316.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

317.    Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

318.    Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

319.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

Exhibit U - Page 77 of 467

320.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

321.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

322.     Defendant BOLD ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

323.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;   (2)   a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD

ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXVII– BOLD ENTERPRISES, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

324.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

325.    Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

326.    Defendant BOLD ENTERPRISES, INC.  is a private entity that collects biometric information from McDonald's workers.

327.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

328.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

329.    Defendant BOLD ENTERPRISES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

330.    Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXVIII– BOLD ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

331.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

332.    Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

78

333.    Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

334.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

335.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

336.    Defendant BOLD ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

337.    Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XXIX– BOLD ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

338.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

339.    Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

340.    Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

341.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

342.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

343.     Defendant BOLD ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

344.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXX– BOLD ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

345.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

Exhibit U - Page 83 of 467

346.     Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant BOLD ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

347.     Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

348.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

349.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

350.     On information and belief, Defendant BOLD ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

351.     Stating further, while not necessary to pleading these claims, BOLD ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

352.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

82

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>COUNT XXXI– BOLD ENTERPRISES, INC.</u>
Violation of 740 ILCS 14/15(e)(1)
Failure to Use Reasonable Standard of Care
(On Behalf of Plaintiffs and the Class)

353.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

354.    Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

355.    Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

356.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

83

357.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

358.    Defendant BOLD ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

359.    Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs

84

and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXII– BOLD ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

360.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

361.     Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC.  is therefore a "private entity" pursuant to BIPA.

362.     Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

363.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

364.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

365.     Defendant BOLD ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

85

366.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXIII – BRE MID AMERICA, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

367.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

368.     Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

86

369.     Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

370.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

371.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

372.     Defendant BRE MID AMERICA, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

373.     Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID

87

AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XXXIV– BRE MID AMERICA, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

374. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

375. Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

376. Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

377. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

378.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

379.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

380.     Defendant BRE MID AMERICA, INC. did not comply with its established retention schedule and destruction guidelines.

381.     Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID

89

AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XXXV– BRE MID AMERICA, INC.**
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

382.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

383.     Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

384.     Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

385.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

386.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

387.     Defendant BRE MID AMERICA, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

90

388.     Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXVI– BRE MID AMERICA, INC.
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

389.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

390.     Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

91

391.     Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

392.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

393.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

394.     Defendant BRE MID AMERICA, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

395.     Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

92

Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXVII– BRE MID AMERICA, INC.
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

396.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

397.    Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

398.    Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

399.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

400.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

93

401.    Defendant BRE MID AMERICA, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

402.    Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXVIII– BRE MID AMERICA, INC.
#### Violation of 740 ILCS 14/15(d)
#### Unauthorized Disclosure / Redisclosure / Dissemination
#### (On Behalf of Plaintiffs and the Class)

403.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

94

404.     Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois.  Defendant BRE MID AMERICA, INC. therefore a "private entity" pursuant to BIPA.

405.     Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from many associated workers.

406.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

407.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

408.     On information and belief, Defendant BRE MID AMERICA, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

409.     Stating further, while not necessary to pleading these claims, BRE MID AMERICA, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

410.     Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXIX– BRE MID AMERICA, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

411. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

412. Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

413. Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

414. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

96

415. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

416. Defendant BRE MID AMERICA, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

417. Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XL– BRE MID AMERICA, INC.
### Violation of 740 ILCS 14/15(e)(2)
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

418.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

419.    Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC.  is therefore a "private entity" pursuant to BIPA.

420.    Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

421.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

422.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

423.    Defendant BRE MID AMERICA, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

**Exhibit U - Page 100 of 467**

424.    Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs'
and class members' biometric identifiers, information or data as described herein, aggrieved each
plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and
class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the
plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et
seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE
MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive
and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring
Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the
collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the
intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively,
statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court
finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5)
reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);
and (6) for any other relief deemed appropriate in the premises.

### COUNT XLI – BURRIS MANAGEMENT, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

425.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

426.    Defendant BURRIS MANAGEMENT, INC. is a company organized under the
laws of the State of Illinois.  Defendant BURRIS MANAGEMENT, INC. is therefore a "private
entity" pursuant to BIPA.

99

427. Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

428. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

429. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

430. Defendant BURRIS MANAGEMENT, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

431. Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant

100

BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XLII– BURRIS MANAGEMENT, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

432. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

433. Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

434. Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

435. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

101

436.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

437.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

438.   Defendant BURRIS MANAGEMENT, INC. did not comply with its established retention schedule and destruction guidelines.

439.   Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court

102

finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XLIII– BURRIS MANAGEMENT, INC.**
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

440.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

441.    Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

442.    Defendant BURRIS MANAGEMENT, INC.  is a private entity that collects biometric information from McDonald's workers.

443.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

444.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

445.    Defendant BURRIS MANAGEMENT, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs

103

and class members in writing that a biometric identifier or biometric information was being collected or stored.

446. Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XLIV– BURRIS MANAGEMENT, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

447. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

104

448. Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

449. Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

450. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

451. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

452. Defendant BURRIS MANAGEMENT, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

453. Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XLV– BURRIS MANAGEMENT, INC.
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

454.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

455.     Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

456.     Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

457.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

106

458.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

459.    Defendant BURRIS MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

460.    Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XLVI– BURRIS MANAGEMENT, INC.
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

461.　Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

462.　Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. therefore a "private entity" pursuant to BIPA.

463.　Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from many associated workers.

464.　BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

465.　The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

466.　On information and belief, Defendant BURRIS MANAGEMENT, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

467.　Stating further, while not necessary to pleading these claims, BURRIS MANAGEMENT, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

468. Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XLVII– BURRIS MANAGEMENT, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

469. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

470. Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

471.    Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

472.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

473.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

474.    Defendant BURRIS MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

475.    Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements

110

of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XLVIII– BURRIS MANAGEMENT, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

476. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

477. Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

478. Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

479. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

480. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

111

481. Defendant BURRIS MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

482. Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XLIX – CAFE M, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

112

483. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

484. Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

485. Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

486. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

487. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

488. Defendant CAFE M, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

489. Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

113

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT L– CAFE M, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

490.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

491.     Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

492.     Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

493.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose

114

for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

494. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

495. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

496. Defendant CAFE M, LLC did not comply with its established retention schedule and destruction guidelines.

497. Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of

115

BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LI– CAFE M, LLC**
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

498.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

499.  Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

500.  Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

501.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

502.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

116

503.    Defendant CAFE M, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

504.    Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LII– CAFE M, LLC
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

505.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

117

506.    Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

507.    Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

508.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless _it first_: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

509.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

510.    Defendant CAFE M, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

511.    Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE

118

M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LIII– CAFE M, LLC
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

512.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

513.    Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

514.    Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

515.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

516.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents

119

through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

517. Defendant CAFE M, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

518. Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LIV– CAFE M, LLC**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

120

519. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

520. Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC therefore a "private entity" pursuant to BIPA.

521. Defendant CAFE M, LLC is a private entity that collects biometric information from many associated workers.

522. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

523. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

524. On information and belief, Defendant CAFE M, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

525. Stating further, while not necessary to pleading these claims, CAFE M, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

526. Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

121

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LV– CAFE M, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

527. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

528. Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

529. Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

530. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

**Exhibit U - Page 124 of 467**

531. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

532. Defendant CAFE M, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

533. Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LVI– CAFE M, LLC
Violation of 740 ILCS 14/15(e)(2)
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
(On Behalf of Plaintiffs and the Class)

534. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

535. Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

536. Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

537. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

538. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

539. Defendant CAFE M, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

540. Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff

124

and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LVII – CLARK 15803, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

541.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

542.    Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

543.    Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

125

544. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

545. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

546. Defendant CLARK 15803, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

547. Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

126

Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT LVIII– CLARK 15803, LLC
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

548.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

549.    Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois.  Defendant CLARK 15803, LLC  is therefore a "private entity" pursuant to BIPA.

550.    Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

551.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

552.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

553.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

554.    Defendant CLARK 15803, LLC did not comply with its established retention schedule and destruction guidelines.

555.    Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LIX– CLARK 15803, LLC**
**Violation of 740 ILCS 14/115(b)(1)**

128

**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

556.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

557.    Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois.  Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

558.    Defendant CLARK 15803, LLC   is a private entity that collects biometric information from McDonald's workers.

559.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

560.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

561.    Defendant CLARK 15803, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

562.    Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

**Exhibit U - Page 131 of 467**

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LX– CLARK 15803, LLC
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

563. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

564. Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

565. Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

566. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the

130

specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

567.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

568.   Defendant CLARK 15803, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

569.   Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs

and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXI– CLARK 15803, LLC
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

570.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

571.    Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

572.    Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

573.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

574.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

575.    Defendant CLARK 15803, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

576.    Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

132

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXII– CLARK 15803, LLC
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

577.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

578.     Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC therefore a "private entity" pursuant to BIPA.

579.     Defendant CLARK 15803, LLC is a private entity that collects biometric information from many associated workers.

133

580.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

581.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

582.    On information and belief, Defendant CLARK 15803, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

583.    Stating further, while not necessary to pleading these claims, CLARK 15803, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

584.    Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

134

Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXIII– CLARK 15803, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

585.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

586.    Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

587.    Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

588.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

589.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

590.    Defendant CLARK 15803, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting

135

from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

591.   Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXIV– CLARK 15803, LLC
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

592.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

593.   Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

594. Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

595. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

596. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

597. Defendant CLARK 15803, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

598. Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

137

Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXV – CMJ CORP.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Properly Establish Publicly-Available Policy
#### (On Behalf of Plaintiffs and the Class)

599. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

600. Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

601. Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

602. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

603. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through,

138

inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

604. Defendant CMJ CORP. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

605. Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>COUNT LXVI– CMJ CORP.</u>
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

606.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

607.    Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

608.    Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

609.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

610.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

611.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

612.    Defendant CMJ CORP. did not comply with its established retention schedule and destruction guidelines.

140

613.    Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXVII– CMJ CORP.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

614.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

615.    Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

616.    Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

141

617.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first*:** (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

618.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

619.    Defendant CMJ CORP. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

620.    Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of

142

BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LXVIII– CMJ CORP.**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

621.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

622.     Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

623.     Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

624.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

625.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

626.     Defendant CMJ CORP. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

627.     Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXIX– CMJ CORP.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

628.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

144

629.    Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

630.    Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

631.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

632.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

633.    Defendant CMJ CORP. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

634.    Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ

145

CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable

relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant

CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of

biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of

BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per

violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP.

violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the

premises.

**COUNT LXX– CMJ CORP.**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

635.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

636.    Defendant CMJ CORP. is a company organized under the laws of the State of

Illinois. Defendant CMJ CORP. therefore a "private entity" pursuant to BIPA.

637.    Defendant CMJ CORP. is a private entity that collects biometric information from

many associated workers.

638.    BIPA makes it unlawful for any private entity in possession of a biometric identifier

or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or

customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

639.    The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through,

inter alia, copying/recording of their respective finger prints and possibly other individual

biometric data points.

146

640.    On information and belief, Defendant CMJ CORP. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

641.    Stating further, while not necessary to pleading these claims, CMJ CORP. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

642.    Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**Exhibit U - Page 149 of 467**

**COUNT LXXI– CMJ CORP.**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

643.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

644.   Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

645.   Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

646.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

647.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

648.   Defendant CMJ CORP. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

649.   Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

148