WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXII– CMJ CORP.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

650.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

651.    Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

652.    Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

653.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

654.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

655.    Defendant CMJ CORP. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

656.    Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LXXIII – DND WITZEL ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

657.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

658.    Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

659.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

660.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

661.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

662.    Defendant DND WITZEL ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose

151

for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

663. Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXIV– DND WITZEL ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

664. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

665.    Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

666.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

667.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

668.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

669.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

670.    Defendant DND WITZEL ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

671.    Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

153

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXV– DND WITZEL ENTERPRISES, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

672.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

673.    Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

674.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

154

675.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

676.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

677.    Defendant DND WITZEL ENTERPRISES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

678.    Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of

155

BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXVI– DND WITZEL ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

679.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

680.    Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

681.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

682.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

683.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

684.     Defendant DND WITZEL ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

685.     Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;*  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXVII– DND WITZEL ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

686.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

157

687. Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

688. Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

689. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

690. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

691. Defendant DND WITZEL ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

692. Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

158

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXVIII– DND WITZEL ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

693.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

694.    Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

695.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

696.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

697.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES,

159

INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

698. On information and belief, Defendant DND WITZEL ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

699. Stating further, while not necessary to pleading these claims, DND WITZEL ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

700. Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent;

(5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXXIX– DND WITZEL ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

701.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

702.    Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

703.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

704.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

705.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

706.    Defendant DND WITZEL ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

707.    Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

161

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXX– DND WITZEL ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(e)(2)
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

708. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

709. Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

710. Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

162

711.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

712.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

713.    Defendant DND WITZEL ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

714.    Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00

for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXXI – ESTEL FOODS, INC.
Violation of 740 ILCS 14/15(a)
**Failure to Properly Establish Publicly-Available Policy**
(On Behalf of Plaintiffs and the Class)

715. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

716. Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

717. Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

718. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

719. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

164

720.    Defendant ESTEL FOODS, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

721.    Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXXXII– ESTEL FOODS, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

165

722. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

723. Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

724. Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

725. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

726. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

727. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

728. Defendant ESTEL FOODS, INC. did not comply with its established retention schedule and destruction guidelines.

729. Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

166

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXXIII– ESTEL FOODS, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

730.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

731.   Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

732.   Defendant ESTEL FOODS, INC.  is a private entity that collects biometric information from McDonald's workers.

733.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

167

identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

734. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

735. Defendant ESTEL FOODS, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

736. Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant

ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LXXXIV– ESTEL FOODS, INC.**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

737.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

738.     Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

739.     Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

740.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

741.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

742.     Defendant ESTEL FOODS, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

169

743.   Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXXV– ESTEL FOODS, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

744.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

745.   Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

746.   Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

170

747.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it **first***: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

748.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

749.   Defendant ESTEL FOODS, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

750.   Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXXVI– ESTEL FOODS, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

751.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

752.     Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. therefore a "private entity" pursuant to BIPA.

753.     Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from many associated workers.

754.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

755.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

756.     On information and belief, Defendant ESTEL FOODS, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

172

757.    Stating further, while not necessary to pleading these claims, ESTEL FOODS, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(I).

758.    Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXXVII– ESTEL FOODS, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

759.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

760.   Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

761.   Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

762.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

763.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

764.   Defendant ESTEL FOODS, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

765.   Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and

174

equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXXVIII– ESTEL FOODS, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

766.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

767.    Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

768.    Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

769.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

770.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents

175

through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

771.    Defendant ESTEL FOODS, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

772.    Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXXXIX – F & F INVESTMENTS OF ILLINOIS, INC.

176

**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

773.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

774.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

775.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

776.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

777.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

778.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

177

779.     Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XC– F & F INVESTMENTS OF ILLINOIS, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

780.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

781.     Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

178

782. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

783. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

784. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

785. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

786. Defendant F & F INVESTMENTS OF ILLINOIS, INC. did not comply with its established retention schedule and destruction guidelines.

787. Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

179

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F

INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et*

*seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and

the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the

requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages

of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or

alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the

event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of

BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense

pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCI– F & F INVESTMENTS OF ILLINOIS, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

788. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

789. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized

under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is

therefore a "private entity" pursuant to BIPA.

790. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that

collects biometric information from McDonald's workers.

791. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture,

purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a

biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS

14/15(b)(1) (emphasis added).

180

792.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

793.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

794.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of

181

BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XCII– F & F INVESTMENTS OF ILLINOIS, INC.**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

795. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

796. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

797. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

798. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

799. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

800. Defendant F & F INVESTMENTS OF ILLINOIS, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

801.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCIII– F & F INVESTMENTS OF ILLINOIS, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

802.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

803.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

183

804. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

805. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

806. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

807. Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

808. Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and

184

the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCIV– F & F INVESTMENTS OF ILLINOIS, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

809.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

810.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. therefore a "private entity" pursuant to BIPA.

811.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from many associated workers.

812.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

813.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

185

814.   On information and belief, Defendant F & F INVESTMENTS OF ILLINOIS, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

815.   Stating further, while not necessary to pleading these claims, F & F INVESTMENTS OF ILLINOIS, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

816.   Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

186

**COUNT XCV– F & F INVESTMENTS OF ILLINOIS, INC.**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

817. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

818. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

819. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

820. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

821. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

822. Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

823. Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

187

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCVI– F & F INVESTMENTS OF ILLINOIS, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

824.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

825.  Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

826.  Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

827.  BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or

188

more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

828. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

829. Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

830. Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the

189

event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCVII – GUERO, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

831.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

832.    Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

833.    Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

834.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

835.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

836.    Defendant GUERO, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining

190

such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

837.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCVIII– GUERO, LLC
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

838.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

839.    Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

191

840. Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

841. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

842. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

843. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

844. Defendant GUERO, LLC did not comply with its established retention schedule and destruction guidelines.

845. Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

192

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCIX– GUERO, LLC
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

846. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

847. Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

848. Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

849. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

193

850. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

851. Defendant GUERO, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

852. Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT C– GUERO, LLC**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

853.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

854.     Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

855.     Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

856.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

857.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

858.     Defendant GUERO, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

859.     Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

195

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CI– GUERO, LLC
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

860.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

861.  Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

862.  Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

863.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by

the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

864.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

865.    Defendant GUERO, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

866.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other

197

litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CII– GUERO, LLC
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

867.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

868.    Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC therefore a "private entity" pursuant to BIPA.

869.    Defendant GUERO, LLC is a private entity that collects biometric information from many associated workers.

870.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

871.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

872.    On information and belief, Defendant GUERO, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

873.    Stating further, while not necessary to pleading these claims, GUERO, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

198

874.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CIII– GUERO, LLC
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

875.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

876.    Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

877.    Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

878.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

879.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

880.    Defendant GUERO, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

881.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00

200

per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CIV– GUERO, LLC
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

882. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

883. Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

884. Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

885. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

886. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

887. Defendant GUERO, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

201

888.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CV – J&B ENTERPRISES OF SPRINGFIELD, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

889.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

890.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

202

891.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

892.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

893.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

894.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

895.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B

ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CVI– J&B ENTERPRISES OF SPRINGFIELD, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

896.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

897.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

898.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

899.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

204

900.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

901.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

902.   Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. did not comply with its established retention schedule and destruction guidelines.

903.   Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS

205

14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CVII– J&B ENTERPRISES OF SPRINGFIELD, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

904.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

905.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

906.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

907.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

908.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

909.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the

206

plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

910.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CVIII– J&B ENTERPRISES OF SPRINGFIELD, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

911.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

207

912.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

913.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

914.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

915.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

916.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

917.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CIX– J&B ENTERPRISES OF SPRINGFIELD, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

918. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

919. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

920. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

921. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

922. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

923. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

924. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS

14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CX– J&B ENTERPRISES OF SPRINGFIELD, INC.**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

925.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

926.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. therefore a "private entity" pursuant to BIPA.

927.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from many associated workers.

928.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

929.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

930.     On information and belief, Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

211

931.    Stating further, while not necessary to pleading these claims, J&B ENTERPRISES OF SPRINGFIELD, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

932.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXI– J&B ENTERPRISES OF SPRINGFIELD, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

933.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

212

934. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

935. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

936. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

937. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

938. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

939. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B

213

ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXII– J&B ENTERPRISES OF SPRINGFIELD, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

940.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

941.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

942.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

943.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

214

944. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

945. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

946. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other

litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

<u>COUNT CXIII – JANN RESTAURANT, INC.</u>
Violation of 740 ILCS 14/15(a)
Failure to Properly Establish Publicly-Available Policy
(On Behalf of Plaintiffs and the Class)

947.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

948.    Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois.  Defendant JANN RESTAURANT, INC. is therefore a "private entity" pursuant to BIPA.

949.    Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

950.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

951.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

952.    Defendant JANN RESTAURANT, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting

216

or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

953.    Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXIV– JANN RESTAURANT, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

954.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

217

955.   Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois.  Defendant JANN RESTAURANT, INC.  is therefore a "private entity" pursuant to BIPA.

956.   Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

957.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

958.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

959.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

960.   Defendant JANN RESTAURANT, INC. did not comply with its established retention schedule and destruction guidelines.

961.   Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXV– JANN RESTAURANT, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

962. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

963. Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois. Defendant JANN RESTAURANT, INC. is therefore a "private entity" pursuant to BIPA.

964. Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

965.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

966.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

967.    Defendant JANN RESTAURANT, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

968.    Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the

collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXVI– JANN RESTAURANT, INC.
Violation of 740 ILCS 14/15(b)(2)
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

969.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

970.    Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois. Defendant JANN RESTAURANT, INC. is therefore a "private entity" pursuant to BIPA.

971.    Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

972.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

973.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

221

974.    Defendant JANN RESTAURANT, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

975.    Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXVII– JANN RESTAURANT, INC.
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

976.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

222

977.   Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois.  Defendant JANN RESTAURANT, INC. is therefore a "private entity" pursuant to BIPA.

978.   Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

979.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

980.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

981.   Defendant JANN RESTAURANT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

982.   Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

223

seq., appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXVIII– JANN RESTAURANT, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

983.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

984.    Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois. Defendant JANN RESTAURANT, INC. therefore a "private entity" pursuant to BIPA.

985.    Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from many associated workers.

986.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

987.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its

224

agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

988.    On information and belief, Defendant JANN RESTAURANT, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

989.    Stating further, while not necessary to pleading these claims, JANN RESTAURANT, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

990.    Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXIX– JANN RESTAURANT, INC.**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

991.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

992.    Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois. Defendant JANN RESTAURANT, INC. is therefore a "private entity" pursuant to BIPA.

993.    Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

994.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

995.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

996.    Defendant JANN RESTAURANT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

997.    Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

226

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXX– JANN RESTAURANT, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

998.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

999.  Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois. Defendant JANN RESTAURANT, INC.   is therefore a "private entity" pursuant to BIPA.

1000.  Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

1001. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1002. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1003. Defendant JANN RESTAURANT, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1004. Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the

228

intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXI – JEFFERS FAMILY MANAGEMENT, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1005.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1006.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1007.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1008.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1009.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

229

1010.   Defendant JEFFERS FAMILY MANAGEMENT, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1011.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXXII– JEFFERS FAMILY MANAGEMENT, INC.
### Violation of 740 ILCS 14/15(a)

230

**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1012. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1013. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1014. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1015. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1016. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1017. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1018. Defendant JEFFERS FAMILY MANAGEMENT, INC. did not comply with its established retention schedule and destruction guidelines.

1019. Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXIII– JEFFERS FAMILY MANAGEMENT, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1020. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1021. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

232

1022.  Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1023.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1024.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1025.  Defendant JEFFERS FAMILY MANAGEMENT, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1026.  Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1

233

*et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXIV– JEFFERS FAMILY MANAGEMENT, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

1027. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1028. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1029. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1030. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

234

1031. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1032. Defendant JEFFERS FAMILY MANAGEMENT, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1033. Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXXV– JEFFERS FAMILY MANAGEMENT, INC.**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1034. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1035. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1036. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1037. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1038. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1039. Defendant JEFFERS FAMILY MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

236

1040.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXVI– JEFFERS FAMILY MANAGEMENT, INC.
#### Violation of 740 ILCS 14/15(d)
#### Unauthorized Disclosure / Redisclosure / Dissemination
#### (On Behalf of Plaintiffs and the Class)

1041.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1042.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. therefore a "private entity" pursuant to BIPA.

1043. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from many associated workers.

1044. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1045. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1046. On information and belief, Defendant JEFFERS FAMILY MANAGEMENT, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1047. Stating further, while not necessary to pleading these claims, JEFFERS FAMILY MANAGEMENT, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1048. Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant

238

JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXVII– JEFFERS FAMILY MANAGEMENT, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1049. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1050. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1051. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1052. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1053. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY

MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1054. Defendant JEFFERS FAMILY MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1055. Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXXVIII– JEFFERS FAMILY MANAGEMENT, INC.
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1056.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1057.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC.  is therefore a "private entity" pursuant to BIPA.

1058.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1059.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1060.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1061.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1062.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

241

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXIX – KARAVITES RESTAURANT 33426, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1063. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1064. Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

242

1065.    Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1066.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1067.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1068.    Defendant KARAVITES RESTAURANT 33426, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1069.    Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES

RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXX– KARAVITES RESTAURANT 33426, LLC
Violation of 740 ILCS 14/15(a)
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1070.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1071.    Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

1072.    Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1073.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

244

1074.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1075.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1076.   Defendant KARAVITES RESTAURANT 33426, LLC did not comply with its established retention schedule and destruction guidelines.

1077.   Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court

finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent;
(5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);
and (6) for any other relief deemed appropriate in the premises.

## COUNT CXXXI– KARAVITES RESTAURANT 33426, LLC
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

1078.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1079.    Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

1080.    Defendant KARAVITES RESTAURANT 33426, LLC  is a private entity that collects biometric information from McDonald's workers.

1081.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1082.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1083.    Defendant KARAVITES RESTAURANT 33426, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

246

1084.     Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXXII– KARAVITES RESTAURANT 33426, LLC
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

1085.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1086.     Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

247

1087.    Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1088.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1089.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1090.    Defendant KARAVITES RESTAURANT 33426, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1091.    Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)

injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXXIII– KARAVITES RESTAURANT 33426, LLC
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

1092.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1093.    Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

1094.    Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1095.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it _first_: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1096.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426,

249

LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1097. Defendant KARAVITES RESTAURANT 33426, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1098. Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXXXIV– KARAVITES RESTAURANT 33426, LLC**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

**Exhibit U - Page 252 of 467**

1099.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1100.    Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois.   Defendant KARAVITES RESTAURANT 33426, LLC therefore a "private entity" pursuant to BIPA.

1101.    Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from many associated workers.

1102.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1103.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1104.    On information and belief, Defendant KARAVITES RESTAURANT 33426, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1105.    Stating further, while not necessary to pleading these claims, KARAVITES RESTAURANT 33426, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1106.    Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

251

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXXV– KARAVITES RESTAURANT 33426, LLC
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

1107.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1108.    Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

1109.    Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1110. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1111. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1112. Defendant KARAVITES RESTAURANT 33426, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1113. Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively,

253

statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court

finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent;

(5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);

and (6) for any other relief deemed appropriate in the premises.

## COUNT CXXXVI– KARAVITES RESTAURANT 33426, LLC
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1114.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1115.   Defendant KARAVITES RESTAURANT 33426, LLC is a company organized

under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 33426, LLC   is

therefore a "private entity" pursuant to BIPA.

1116.   Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that

collects biometric information from McDonald's workers.

1117.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from

disclosure all biometric identifiers and biometric information in a manner that is the same as or more

protective than the manner in which the private entity stores, transmits, and protects other confidential

and sensitive information." 740 ILCS 14/15(e)(2).

1118.   The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426,

LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly

other individual biometric data points.

1119.   Defendant KARAVITES RESTAURANT 33426, LLC collection and storage

of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or

more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1120.    Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXXXVII – KARAVITES RESTAURANT 6298, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1121.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1122. Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1123. Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1124. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1125. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1126. Defendant KARAVITES RESTAURANT 6298, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1127. Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

256

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXXVIII– KARAVITES RESTAURANT 6298, LLC
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

1128.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1129.    Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1130.    Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1131.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial

257

purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1132. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1133. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1134. Defendant KARAVITES RESTAURANT 6298, LLC did not comply with its established retention schedule and destruction guidelines.

1135. Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for

258

the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXXIX– KARAVITES RESTAURANT 6298, LLC
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

1136.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1137.    Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1138.    Defendant KARAVITES RESTAURANT 6298, LLC  is a private entity that collects biometric information from McDonald's workers.

1139.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1140.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1141.    Defendant KARAVITES RESTAURANT 6298, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs

259

and class members in writing that a biometric identifier or biometric information was being collected or stored.

1142.    Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXL– KARAVITES RESTAURANT 6298, LLC**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1143.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

260

1144.    Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1145.    Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1146.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1147.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1148.    Defendant KARAVITES RESTAURANT 6298, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1149.    Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*,

261

appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLI– KARAVITES RESTAURANT 6298, LLC
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

1150.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1151.     Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1152.     Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1153.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1154.　　The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1155.　　Defendant KARAVITES RESTAURANT 6298, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1156.　　Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXLII– KARAVITES RESTAURANT 6298, LLC
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

1157.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1158.    Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC therefore a "private entity" pursuant to BIPA.

1159.    Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from many associated workers.

1160.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1161.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1162.    On information and belief, Defendant KARAVITES RESTAURANT 6298, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1163.    Stating further, while not necessary to pleading these claims, KARAVITES RESTAURANT 6298, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1164.     Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLIII– KARAVITES RESTAURANT 6298, LLC
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

1165.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1166.     Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1167.     Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1168.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1169.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1170.     Defendant KARAVITES RESTAURANT 6298, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1171.     Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of

BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLIV– KARAVITES RESTAURANT 6298, LLC
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

1172.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1173.    Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 6298, LLC   is therefore a "private entity" pursuant to BIPA.

1174.    Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1175.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1176.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1177.    Defendant KARAVITES RESTAURANT 6298, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1178.    Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXLV – LUNA, INC.**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

268

1179. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1180. Defendant LUNA, INC. is a company organized under the laws of the State of Illinois. Defendant LUNA, INC. is therefore a "private entity" pursuant to BIPA.

1181. Defendant LUNA, INC. is a private entity that collects biometric information from McDonald's workers.

1182. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1183. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant LUNA, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1184. Defendant LUNA, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1185. Defendant LUNA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant LUNA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant LUNA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant LUNA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLVI– LUNA, INC.
#### Violation of 740 ILCS 14/15(a)
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1186.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1187.  Defendant LUNA, INC. is a company organized under the laws of the State of Illinois. Defendant LUNA, INC. is therefore a "private entity" pursuant to BIPA.

1188.  Defendant LUNA, INC. is a private entity that collects biometric information from McDonald's workers.

1189.  BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose

270

for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1190. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1191. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant LUNA, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1192. Defendant LUNA, INC. did not comply with its established retention schedule and destruction guidelines.

1193. Defendant LUNA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant LUNA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant LUNA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of

271

BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant LUNA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLVII– LUNA, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1194. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1195. Defendant LUNA, INC. is a company organized under the laws of the State of Illinois. Defendant LUNA, INC. is therefore a "private entity" pursuant to BIPA.

1196. Defendant LUNA, INC. is a private entity that collects biometric information from McDonald's workers.

1197. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1198. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant LUNA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

272

1199.   Defendant LUNA, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1200.   Defendant LUNA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant LUNA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant LUNA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant LUNA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLVIII– LUNA, INC.
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1201.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

273

1202. Defendant LUNA, INC. is a company organized under the laws of the State of Illinois. Defendant LUNA, INC. is therefore a "private entity" pursuant to BIPA.

1203. Defendant LUNA, INC. is a private entity that collects biometric information from McDonald's workers.

1204. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1205. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant LUNA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1206. Defendant LUNA, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1207. Defendant LUNA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant LUNA,

274

INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant LUNA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant LUNA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLIX– LUNA, INC.
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

1208.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1209.   Defendant LUNA, INC. is a company organized under the laws of the State of Illinois. Defendant LUNA, INC. is therefore a "private entity" pursuant to BIPA.

1210.   Defendant LUNA, INC. is a private entity that collects biometric information from McDonald's workers.

1211.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1212.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant LUNA, INC. or its agents through,

275

inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1213. Defendant LUNA, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1214. Defendant LUNA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant LUNA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant LUNA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant LUNA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CL– LUNA, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1215.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1216.   Defendant LUNA, INC. is a company organized under the laws of the State of Illinois. Defendant LUNA, INC. therefore a "private entity" pursuant to BIPA.

1217.   Defendant LUNA, INC. is a private entity that collects biometric information from many associated workers.

1218.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1219.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant LUNA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1220.   On information and belief, Defendant LUNA, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1221.   Stating further, while not necessary to pleading these claims, LUNA, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1222.   Defendant LUNA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant LUNA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant LUNA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant LUNA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLI– LUNA, INC.
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

1223. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1224. Defendant LUNA, INC. is a company organized under the laws of the State of Illinois. Defendant LUNA, INC. is therefore a "private entity" pursuant to BIPA.

1225. Defendant LUNA, INC. is a private entity that collects biometric information from McDonald's workers.

1226. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

278

1227. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant LUNA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1228. Defendant LUNA, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1229. Defendant LUNA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant LUNA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant LUNA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant LUNA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLII– LUNA, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1230. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1231. Defendant LUNA, INC. is a company organized under the laws of the State of Illinois. Defendant LUNA, INC. is therefore a "private entity" pursuant to BIPA.

1232. Defendant LUNA, INC. is a private entity that collects biometric information from McDonald's workers.

1233. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1234. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant LUNA, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1235. Defendant LUNA, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1236. Defendant LUNA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff

280

and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant LUNA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant LUNA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant LUNA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLIII – MARYMAC, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Properly Establish Publicly-Available Policy
#### (On Behalf of Plaintiffs and the Class)

1237. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1238. Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois. Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1239. Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

281

1240.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1241.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1242.   Defendant MARYMAC, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1243.   Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

**Exhibit U - Page 284 of 467**

Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLIV– MARYMAC, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

1244.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1245.  Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois. Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1246.  Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1247.  BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1248.  BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1249. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1250. Defendant MARYMAC, INC. did not comply with its established retention schedule and destruction guidelines.

1251. Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CLV– MARYMAC, INC.**
**Violation of 740 ILCS 14/115(b)(1)**

284

### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

1252.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1253.  Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois.  Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1254.  Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1255.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1256.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1257.  Defendant MARYMAC, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1258.  Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLVI– MARYMAC, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

1259. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1260. Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois. Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1261. Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1262. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the

specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1263. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1264. Defendant MARYMAC, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1265. Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs

and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CLVII– MARYMAC, INC.**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1266.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1267.  Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois. Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1268.  Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1269.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1270.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1271.  Defendant MARYMAC, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1272.  Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff

288

and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLVIII– MARYMAC, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1273. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1274. Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois. Defendant MARYMAC, INC. therefore a "private entity" pursuant to BIPA.

1275. Defendant MARYMAC, INC. is a private entity that collects biometric information from many associated workers.

1276. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1277. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1278. On information and belief, Defendant MARYMAC, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1279. Stating further, while not necessary to pleading these claims, MARYMAC, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1280. Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

290

Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLIX– MARYMAC, INC.
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

1281. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1282. Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois. Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1283. Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1284. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1285. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1286. Defendant MARYMAC, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting

291

from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1287. Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLX-- MARYMAC, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

1288. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1289. Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois. Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

292

1290. Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1291. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1292. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1293. Defendant MARYMAC, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1294. Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

293

Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXI – MCDONALD'S RESTAURANTS OF IL, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Properly Establish Publicly-Available Policy
#### (On Behalf of Plaintiffs and the Class)

1295. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1296. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1297. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1298. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1299. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS

294

OF IL, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1300. Defendant MCDONALD'S RESTAURANTS OF IL, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1301. Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other

295

litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXII– MCDONALD'S RESTAURANTS OF IL, INC.
#### Violation of 740 ILCS 14/15(a)
**Failure to Comply with Established Retention Schedule and Destruction Guidelines
(On Behalf of Plaintiffs and the Class)**

1302.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1303.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1304.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1305.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1306.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1307.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

296

1308.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. did not comply with its established retention schedule and destruction guidelines.

1309.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXIII– MCDONALD'S RESTAURANTS OF IL, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

1310.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

297

1311.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1312.  Defendant MCDONALD'S RESTAURANTS OF IL, INC.  is a private entity that collects biometric information from McDonald's workers.

1313.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1314.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1315.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1316.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

298