WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXIV– MCDONALD'S RESTAURANTS OF IL, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

1317. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1318. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1319. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1320. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless **it** *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1321. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1322. Defendant MCDONALD'S RESTAURANTS OF IL, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1323. Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740

300

ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXV– MCDONALD'S RESTAURANTS OF IL, INC.
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

1324.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1325.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1326.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1327.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1328.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

301

1329.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1330.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXVI– MCDONALD'S RESTAURANTS OF IL, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1331.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

302

1332.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. therefore a "private entity" pursuant to BIPA.

1333.·  Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from many associated workers.

1334.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1335.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1336.   On information and belief, Defendant MCDONALD'S RESTAURANTS OF IL, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1337.   Stating further, while not necessary to pleading these claims, MCDONALD'S RESTAURANTS OF IL, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1338.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXVII– MCDONALD'S RESTAURANTS OF IL, INC.
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

1339.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1340.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1341.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

304

1342. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1343. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1344. Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1345. Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740

305

ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXVIII– MCDONALD'S RESTAURANTS OF IL, INC.
Violation of 740 ILCS 14/15(e)(2)
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
(On Behalf of Plaintiffs and the Class)

1346. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1347. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1348. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1349. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1350. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1351. Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same

306

as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1352. Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXIX – MCESSY INVESTMENT COMPANY
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1353. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1354.   Defendant MCESSY INVESTMENT COMPANY is a company organized under the laws of the State of Illinois.  Defendant MCESSY INVESTMENT COMPANY is therefore a "private entity" pursuant to BIPA.

1355.   Defendant MCESSY INVESTMENT COMPANY is a private entity that collects biometric information from McDonald's workers.

1356.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1357.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCESSY INVESTMENT COMPANY or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1358.   Defendant MCESSY INVESTMENT COMPANY did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1359.   Defendant MCESSY INVESTMENT COMPANY collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

308

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCESSY INVESTMENT COMPANY actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCESSY INVESTMENT COMPANY to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCESSY INVESTMENT COMPANY violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXX– MCESSY INVESTMENT COMPANY
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

1360.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1361.   Defendant MCESSY INVESTMENT COMPANY is a company organized under the laws of the State of Illinois. Defendant MCESSY INVESTMENT COMPANY is therefore a "private entity" pursuant to BIPA.

1362.   Defendant MCESSY INVESTMENT COMPANY is a private entity that collects biometric information from McDonald's workers.

1363.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose

for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1364. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1365. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCESSY INVESTMENT COMPANY or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1366. Defendant MCESSY INVESTMENT COMPANY did not comply with its established retention schedule and destruction guidelines.

1367. Defendant MCESSY INVESTMENT COMPANY collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCESSY INVESTMENT COMPANY actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCESSY INVESTMENT COMPANY to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages

310

of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCESSY INVESTMENT COMPANY violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXI – MCESSY INVESTMENT COMPANY
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1368. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1369. Defendant MCESSY INVESTMENT COMPANY is a company organized under the laws of the State of Illinois. Defendant MCESSY INVESTMENT COMPANY is therefore a "private entity" pursuant to BIPA.

1370. Defendant MCESSY INVESTMENT COMPANY is a private entity that collects biometric information from McDonald's workers.

1371. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1372. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCESSY INVESTMENT COMPANY or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

311

1373. Defendant MCESSY INVESTMENT COMPANY collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1374. Defendant MCESSY INVESTMENT COMPANY collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCESSY INVESTMENT COMPANY actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCESSY INVESTMENT COMPANY to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCESSY INVESTMENT COMPANY violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXII– MCESSY INVESTMENT COMPANY
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

1375. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1376. Defendant MCESSY INVESTMENT COMPANY is a company organized under the laws of the State of Illinois. Defendant MCESSY INVESTMENT COMPANY is therefore a "private entity" pursuant to BIPA.

1377. Defendant MCESSY INVESTMENT COMPANY is a private entity that collects biometric information from McDonald's workers.

1378. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1379. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCESSY INVESTMENT COMPANY or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1380. Defendant MCESSY INVESTMENT COMPANY failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1381. Defendant MCESSY INVESTMENT COMPANY collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

313

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCESSY INVESTMENT COMPANY actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCESSY INVESTMENT COMPANY to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCESSY INVESTMENT COMPANY violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CLXXIII– MCESSY INVESTMENT COMPANY
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

1382. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1383. Defendant MCESSY INVESTMENT COMPANY is a company organized under the laws of the State of Illinois. Defendant MCESSY INVESTMENT COMPANY is therefore a "private entity" pursuant to BIPA.

1384. Defendant MCESSY INVESTMENT COMPANY is a private entity that collects biometric information from McDonald's workers.

1385. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by

314

the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1386. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCESSY INVESTMENT COMPANY or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1387. Defendant MCESSY INVESTMENT COMPANY collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1388. Defendant MCESSY INVESTMENT COMPANY collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCESSY INVESTMENT COMPANY actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCESSY INVESTMENT COMPANY to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCESSY INVESTMENT COMPANY violations of BIPA

315

were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXIV– MCESSY INVESTMENT COMPANY
#### Violation of 740 ILCS 14/15(d)
#### Unauthorized Disclosure / Redisclosure / Dissemination
#### (On Behalf of Plaintiffs and the Class)

1389.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1390.  Defendant MCESSY INVESTMENT COMPANY is a company organized under the laws of the State of Illinois.  Defendant MCESSY INVESTMENT COMPANY therefore a "private entity" pursuant to BIPA.

1391.  Defendant MCESSY INVESTMENT COMPANY is a private entity that collects biometric information from many associated workers.

1392.  BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1393.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCESSY INVESTMENT COMPANY or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1394.  On information and belief, Defendant MCESSY INVESTMENT COMPANY disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

316

1395. Stating further, while not necessary to pleading these claims, MCESSY INVESTMENT COMPANY did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1396. Defendant MCESSY INVESTMENT COMPANY collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCESSY INVESTMENT COMPANY actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCESSY INVESTMENT COMPANY to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCESSY INVESTMENT COMPANY violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXV– MCESSY INVESTMENT COMPANY
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

1397. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1398. Defendant MCESSY INVESTMENT COMPANY is a company organized under the laws of the State of Illinois. Defendant MCESSY INVESTMENT COMPANY is therefore a "private entity" pursuant to BIPA.

1399. Defendant MCESSY INVESTMENT COMPANY is a private entity that collects biometric information from McDonald's workers.

1400. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1401. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCESSY INVESTMENT COMPANY or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1402. Defendant MCESSY INVESTMENT COMPANY collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1403. Defendant MCESSY INVESTMENT COMPANY collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant

318

MCESSY INVESTMENT COMPANY actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCESSY INVESTMENT COMPANY to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCESSY INVESTMENT COMPANY violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXVI– MCESSY INVESTMENT COMPANY
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

1404. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1405. Defendant MCESSY INVESTMENT COMPANY is a company organized under the laws of the State of Illinois. Defendant MCESSY INVESTMENT COMPANY is therefore a "private entity" pursuant to BIPA.

1406. Defendant MCESSY INVESTMENT COMPANY is a private entity that collects biometric information from McDonald's workers.

1407. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1408. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCESSY INVESTMENT

319

COMPANY or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1409. Defendant MCESSY INVESTMENT COMPANY collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1410. Defendant MCESSY INVESTMENT COMPANY collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCESSY INVESTMENT COMPANY actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCESSY INVESTMENT COMPANY to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCESSY INVESTMENT COMPANY violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CLXXVII – MCGRAW ENTERPRISES, INC.

**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1411.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1412.   Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1413.   Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1414.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1415.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1416.   Defendant MCGRAW ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

321

1417. Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXVIII– MCGRAW ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(a)
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1418. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1419. Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1420. Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1421. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1422. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1423. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1424. Defendant MCGRAW ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

1425. Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXIX– MCGRAW ENTERPRISES, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

1426. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1427. Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1428. Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1429. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

324

1430. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1431. Defendant MCGRAW ENTERPRISES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1432. Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CLXXX– MCGRAW ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

1433.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1434.   Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1435.   Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1436.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1437.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1438.   Defendant MCGRAW ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

326

1439. Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXI– MCGRAW ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1440. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1441. Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

327

1442. Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1443. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1444. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1445. Defendant MCGRAW ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1446. Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the

class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXII– MCGRAW ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1447.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1448.   Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MCGRAW ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

1449.   Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

1450.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1451.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

329

1452.   On information and belief, Defendant MCGRAW ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1453.   Stating further, while not necessary to pleading these claims, MCGRAW ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1454.   Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>COUNT CLXXXIII– MCGRAW ENTERPRISES, INC.</u>
Violation of 740 ILCS 14/15(e)(1)
Failure to Use Reasonable Standard of Care
(On Behalf of Plaintiffs and the Class)

1455. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1456. Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1457. Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1458. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1459. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1460. Defendant MCGRAW ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1461. Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

331

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXIV– MCGRAW ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1462. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1463. Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1464. Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1465. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or

332

more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1466. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1467. Defendant MCGRAW ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1468. Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court

finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXV – MIBRYA, LLC
#### Violation of 740 ILCS 14/15(a)
#### Failure to Properly Establish Publicly-Available Policy
#### (On Behalf of Plaintiffs and the Class)

1469.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1470.   Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

1471.   Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1472.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1473.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1474.   Defendant MIBRYA, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining

334

such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1475.  Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXVI– MIBRYA, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1476.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1477.  Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

335

1478. Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1479. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1480. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1481. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1482. Defendant MIBRYA, LLC did not comply with its established retention schedule and destruction guidelines.

1483. Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

336

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXVII– MIBRYA, LLC
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

1484. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1485. Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

1486. Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1487. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

337

1488. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1489. Defendant MIBRYA, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1490. Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CLXXXVIII– MIBRYA, LLC
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

1491. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1492. Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

1493. Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1494. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1495. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1496. Defendant MIBRYA, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1497. Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

339

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXIX– MIBRYA, LLC
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

1498. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1499. Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

1500. Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1501. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by

340

the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1502. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1503. Defendant MIBRYA, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1504. Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other

**Exhibit U - Page 343 of 467**

litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXC– MIBRYA, LLC
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

1505.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1506.  Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC therefore a "private entity" pursuant to BIPA.

1507.  Defendant MIBRYA, LLC is a private entity that collects biometric information from many associated workers.

1508.  BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1509.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1510.  On information and belief, Defendant MIBRYA, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1511.  Stating further, while not necessary to pleading these claims, MIBRYA, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

342

1512.   Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2)  a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCI– MIBRYA, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1513.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1514.   Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois.  Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

1515.   Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

343

1516. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1517. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1518. Defendant MIBRYA, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1519. Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00

344

per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCII– MIBRYA, LLC
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1520.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1521.  Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC  is therefore a "private entity" pursuant to BIPA.

1522.  Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1523.  BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1524.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1525.  Defendant MIBRYA, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1526.   Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2)  a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCIII – MMJ ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1527.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1528.   Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

346

1529. Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1530. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1531. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1532. Defendant MMJ ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1533. Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ

ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXCIV– MMJ ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1534. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1535. Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1536. Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1537. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

348

1538.  BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1539.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1540.  Defendant MMJ ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

1541.  Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court

349

finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent;  (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);

and (6) for any other relief deemed appropriate in the premises.

**COUNT CXCV– MMJ ENTERPRISES, INC.**
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1542.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1543.   Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of

the State of Illinois.  Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant

to BIPA.

1544.   Defendant MMJ ENTERPRISES, INC.  is a private entity that collects biometric

information from McDonald's workers.

1545.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture,

purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a

biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS

14/15(b)(1) (emphasis added).

1546.   The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its

agents through, inter alia, copying/recording of their respective finger prints and possibly other

individual biometric data points.

1547.   Defendant MMJ ENTERPRISES, INC. collection and storage of the plaintiffs' and

class member's biometric data was done without properly informing the plaintiffs and class

350

members in writing that a biometric identifier or biometric information was being collected or stored.

1548. Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCVI– MMJ ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

1549. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

351

1550. Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1551. Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1552. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1553. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1554. Defendant MMJ ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1555. Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

352

*seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCVII– MMJ ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1556. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1557. Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1558. Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1559. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

353

1560. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1561. Defendant MMJ ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1562. Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>COUNT CXCVIII– MMJ ENTERPRISES, INC.</u>
Violation of 740 ILCS 14/15(d)
Unauthorized Disclosure / Redisclosure / Dissemination
(On Behalf of Plaintiffs and the Class)

1563.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1564.  Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MMJ ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

1565.  Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

1566.  BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1567.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1568.  On information and belief, Defendant MMJ ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1569.  Stating further, while not necessary to pleading these claims, MMJ ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

355

1570. Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCIX– MMJ ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1571. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1572. Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

356

1573. Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1574. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1575. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1576. Defendant MMJ ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1577. Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the

357

collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CC– MMJ ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1578. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1579. Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1580. Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1581. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1582. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

358

1583.   Defendant MMJ ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1584.   Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;*  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCI – P.T. POULEE, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1585. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1586. Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1587. Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1588. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1589. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1590. Defendant P.T. POULEE, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1591. Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

360

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCII– P.T. POULEE, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1592. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1593. Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1594. Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1595. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose

361

for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1596. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1597. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1598. Defendant P.T. POULEE, LLC did not comply with its established retention schedule and destruction guidelines.

1599. Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCIII– P.T. POULEE, LLC
Violation of 740 ILCS 14/115(b)(1)
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1600. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1601. Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1602. Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1603. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1604. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

363

1605. Defendant P.T. POULEE, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1606. Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCIV– P.T. POULEE, LLC
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1607. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

364

1608.   Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1609.   Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1610.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1611.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1612.   Defendant P.T. POULEE, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1613.   Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;  (2) a declaration that Defendant P.T.

365

POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCV-- P.T. POULEE, LLC
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

1614. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1615. Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1616. Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1617. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1618. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents

366

through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1619. Defendant P.T. POULEE, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1620. Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCVI– P.T. POULEE, LLC**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1621. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1622. Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC therefore a "private entity" pursuant to BIPA.

1623. Defendant P.T. POULEE, LLC is a private entity that collects biometric information from many associated workers.

1624. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1625. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1626. On information and belief, Defendant P.T. POULEE, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1627. Stating further, while not necessary to pleading these claims, P.T. POULEE, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1628. Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

368

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCVII– P.T. POULEE, LLC
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

1629. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1630. Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1631. Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1632. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1633. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1634. Defendant P.T. POULEE, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1635. Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs

and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCVIII– P.T. POULEE, LLC
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1636. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1637. Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1638. Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1639. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1640. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1641. Defendant P.T. POULEE, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1642. Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCIX – PETRO BEAR, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1643. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1644. Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1645. Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

372

1646. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1647. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1648. Defendant PETRO BEAR, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1649. Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCX– PETRO BEAR, LLC
Violation of 740 ILCS 14/15(a)
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
(On Behalf of Plaintiffs and the Class)

1650. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1651. Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1652. Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

1653. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1654. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

374

1655. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1656. Defendant PETRO BEAR, LLC did not comply with its established retention schedule and destruction guidelines.

1657. Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXI– PETRO BEAR, LLC
### Violation of 740 ILCS 14/115(b)(1)

375

**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1658.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1659.  Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois.  Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1660.  Defendant PETRO BEAR, LLC  is a private entity that collects biometric information from McDonald's workers.

1661.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1662.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1663.  Defendant PETRO BEAR, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1664.  Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

376

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXII– PETRO BEAR, LLC
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

1665. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1666. Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1667. Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

1668. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the

377

specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1669. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1670. Defendant PETRO BEAR, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1671. Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs

Exhibit U - Page 380 of 467

and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXIII– PETRO BEAR, LLC
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

1672.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1673.  Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1674.  Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

1675.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1676.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1677.  Defendant PETRO BEAR, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1678.  Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

379

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXIV– PETRO BEAR, LLC
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1679. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1680. Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC therefore a "private entity" pursuant to BIPA.

1681. Defendant PETRO BEAR, LLC is a private entity that collects biometric information from many associated workers.

1682. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1683. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1684. On information and belief, Defendant PETRO BEAR, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1685. Stating further, while not necessary to pleading these claims, PETRO BEAR, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1686. Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXV– PETRO BEAR, LLC**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1687.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1688.   Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1689.   Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

1690.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1691.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1692.   Defendant PETRO BEAR, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting

382

from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1693. Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXVI– PETRO BEAR, LLC
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

1694. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1695. Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

383

1696. Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

1697. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1698. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1699. Defendant PETRO BEAR, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1700. Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

384

Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>**COUNT CCXVII – Q3, LLC**</u>
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1701. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1702. Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1703. Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1704. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1705. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter

385

alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1706. Defendant Q3, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1707. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXVIII– Q3, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

1708.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1709.   Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC  is therefore a "private entity" pursuant to BIPA.

1710.   Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1711.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1712.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1713.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1714.   Defendant Q3, LLC did not comply with its established retention schedule and destruction guidelines.

1715. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXIX– Q3, LLC
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

1716. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1717. Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1718. Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

**Exhibit U - Page 390 of 467**

1719. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1720. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1721. Defendant Q3, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1722. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of

389

BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXX– Q3, LLC
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

1723.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1724.   Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1725.   Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1726.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1727.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

390

1728. Defendant Q3, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1729. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXI– Q3, LLC
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1730. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1731. Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1732. Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1733. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1734. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1735. Defendant Q3, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1736. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3,

LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXII– Q3, LLC
#### Violation of 740 ILCS 14/15(d)
#### Unauthorized Disclosure / Redisclosure / Dissemination
#### (On Behalf of Plaintiffs and the Class)

1737. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1738. Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC therefore a "private entity" pursuant to BIPA.

1739. Defendant Q3, LLC is a private entity that collects biometric information from many associated workers.

1740. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1741. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

393

1742. On information and belief, Defendant Q3, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1743. Stating further, while not necessary to pleading these claims, Q3, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1744. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXXIII– Q3, LLC**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1745. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1746. Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1747. Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1748. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1749. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1750. Defendant Q3, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1751. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

395

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXIV– Q3, LLC
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1752. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1753. Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1754. Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1755. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

396

1756. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1757. Defendant Q3, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1758. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation

**Exhibit U - Page 399 of 467**

expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXXV – RAF ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

1759.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1760.  Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1761.  Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1762.  BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1763.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1764.  Defendant RAF ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting

398

or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1765. Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXXVI– RAF ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

1766. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1767.   Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1768.   Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1769.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1770.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1771.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1772.   Defendant RAF ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

1773.   Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

400

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXVII– RAF ENTERPRISES, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1774. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1775. Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1776. Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1777.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1778.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1779.  Defendant RAF ENTERPRISES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1780.  Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the

402

collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXVIII– RAF ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

1781. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1782. Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1783. Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1784. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1785. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

403

1786. Defendant RAF ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1787. Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXXIX– RAF ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1788. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

404

1789. Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1790. Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1791. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1792. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1793. Defendant RAF ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1794. Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

405

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXX– RAF ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1795.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1796.   Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

1797.   Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

1798.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1799.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its

406

agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1800. On information and belief, Defendant RAF ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1801. Stating further, while not necessary to pleading these claims, RAF ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1802. Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXI– RAF ENTERPRISES, INC.
Violation of 740 ILCS 14/15(e)(1)
Failure to Use Reasonable Standard of Care
(On Behalf of Plaintiffs and the Class)

1803. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1804. Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1805. Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1806. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1807. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1808. Defendant RAF ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1809. Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

408

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXII– RAF ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(e)(2)
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1810. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1811. Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1812. Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

409

1813.  BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1814.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1815.  Defendant RAF ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1816.  Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the

410

intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent;    (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXIII – RCKC CORPORATION
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1817.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1818.   Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois.  Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1819.   Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1820.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1821.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

411

1822. Defendant RCKC CORPORATION did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1823. Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXIV– RCKC CORPORATION
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

412

1824. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1825. Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois. Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1826. Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1827. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1828. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1829. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1830. Defendant RCKC CORPORATION did not comply with its established retention schedule and destruction guidelines.

1831. Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

413

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXV– RCKC CORPORATION
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

1832.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1833.   Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois.  Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1834.   Defendant RCKC CORPORATION  is a private entity that collects biometric information from McDonald's workers.

414

1835. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1836. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1837. Defendant RCKC CORPORATION collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1838. Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection,

storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>**COUNT CCXXXVI– RCKC CORPORATION**</u>
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1839. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1840. Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois. Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1841. Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1842. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1843. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1844. Defendant RCKC CORPORATION failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1845. Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXVII– RCKC CORPORATION
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

1846. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1847. Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois. Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1848. Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1849. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1850. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1851. Defendant RCKC CORPORATION collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1852. Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant RCKC

CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and

equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection,

storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of

$1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant

RCKC CORPORATION violations of BIPA were negligent;  (5) reasonable attorneys' fees and

costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief

deemed appropriate in the premises.

### COUNT CCXXXVIII– RCKC CORPORATION
#### Violation of 740 ILCS 14/15(d)
#### Unauthorized Disclosure / Redisclosure / Dissemination
#### (On Behalf of Plaintiffs and the Class)

1853.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1854.  Defendant RCKC CORPORATION is a company organized under the laws of the

State of Illinois.  Defendant RCKC CORPORATION therefore a "private entity" pursuant to

BIPA.

1855.  Defendant RCKC CORPORATION is a private entity that collects biometric

information from many associated workers.

1856.  BIPA makes it unlawful for any private entity in possession of a biometric identifier

or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or

customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1857. The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its

agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1858. On information and belief, Defendant RCKC CORPORATION disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1859. Stating further, while not necessary to pleading these claims, RCKC CORPORATION did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1860. Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and

420

costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXXXIX– RCKC CORPORATION**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1861. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1862. Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois. Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1863. Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1864. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1865. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1866. Defendant RCKC CORPORATION collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1867. Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

421

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXL– RCKC CORPORATION
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1868. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1869. Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois. Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1870. Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

422

1871. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1872. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1873. Defendant RCKC CORPORATION collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1874. Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLI – SCHMITT-BOULDER HILL, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1875.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1876.   Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1877.   Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1878.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1879.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

424

1880.   Defendant SCHMITT-BOULDER HILL, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1881.   Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLII– SCHMITT-BOULDER HILL, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

425

1882. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1883. Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1884. Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1885. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1886. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1887. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1888. Defendant SCHMITT-BOULDER HILL, INC. did not comply with its established retention schedule and destruction guidelines.

1889. Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

426

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLIII– SCHMITT-BOULDER HILL, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1890. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1891. Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1892. Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

427

1893. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1894. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1895. Defendant SCHMITT-BOULDER HILL, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1896. Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements

428

of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLIV– SCHMITT-BOULDER HILL, INC.
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

1897. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1898. Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1899. Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1900. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1901. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1902. Defendant SCHMITT-BOULDER HILL, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1903. Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLV– SCHMITT-BOULDER HILL, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1904. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

430

1905. Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1906. Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1907. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1908. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1909. Defendant SCHMITT-BOULDER HILL, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1910. Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLVI– SCHMITT-BOULDER HILL, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1911. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1912. Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. therefore a "private entity" pursuant to BIPA.

1913. Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from many associated workers.

1914. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1915. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC.

432

or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1916. On information and belief, Defendant SCHMITT-BOULDER HILL, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1917. Stating further, while not necessary to pleading these claims, SCHMITT-BOULDER HILL, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1918. Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);

and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXLVII– SCHMITT-BOULDER HILL, INC.
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

1919.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1920.   Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1921.   Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1922.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1923.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1924.   Defendant SCHMITT-BOULDER HILL, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1925.   Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

434

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLVIII– SCHMITT-BOULDER HILL, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

1926. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1927. Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1928. Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

435

1929. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1930. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1931. Defendant SCHMITT-BOULDER HILL, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1932. Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00

436

for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXLIX – TDS SERVICES, INC.**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1933. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1934. Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1935. Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1936. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1937. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

437

1938. Defendant TDS SERVICES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1939. Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCL– TDS SERVICES, INC.
#### Violation of 740 ILCS 14/15(a)
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

438

1940.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1941.  Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois.  Defendant TDS SERVICES, INC.  is therefore a "private entity" pursuant to BIPA.

1942.  Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1943.  BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1944.  BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1945.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

1946.  Defendant TDS SERVICES, INC. did not comply with its established retention schedule and destruction guidelines.

1947.  Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

439

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLI– TDS SERVICES, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

1948. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1949. Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1950. Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1951. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1952. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1953. Defendant TDS SERVICES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1954. Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCLII– TDS SERVICES, INC.**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1955.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1956.  Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1957.  Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1958.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it** *first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1959.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1960.   Defendant TDS SERVICES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1961.   Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLIII– TDS SERVICES, INC.
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

1962.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

443

1963. Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1964. Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1965. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1966. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1967. Defendant TDS SERVICES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1968. Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

444

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLIV– TDS SERVICES, INC.
#### Violation of 740 ILCS 14/15(d)
#### Unauthorized Disclosure / Redisclosure / Dissemination
#### (On Behalf of Plaintiffs and the Class)

1969. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1970. Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. therefore a "private entity" pursuant to BIPA.

1971. Defendant TDS SERVICES, INC. is a private entity that collects biometric information from many associated workers.

1972. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1973. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents

445

through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1974. On information and belief, Defendant TDS SERVICES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1975. Stating further, while not necessary to pleading these claims, TDS SERVICES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1976. Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and

446

costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLV– TDS SERVICES, INC.
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

1977. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1978. Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1979. Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1980. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1981. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1982. Defendant TDS SERVICES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1983. Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLVI– TDS SERVICES, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

1984. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1985. Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1986. Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

448

1987. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1988. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

1989. Defendant TDS SERVICES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1990. Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and

449

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>COUNT CCLVII – DOE DEFENDANTS</u>
Violation of 740 ILCS 14/15(a)
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1991. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1992. Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois. Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

1993. Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

1994. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1995. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

450

1996.  Defendant DOE DEFENDANTS did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1997.  Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCLVIII– DOE DEFENDANTS
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

451

1998. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1999. Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois. Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

2000. Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

2001. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

2002. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

2003. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective finger prints / palm scans and possibly other individual biometric data points.

2004. Defendant DOE DEFENDANTS did not comply with its established retention schedule and destruction guidelines.

2005. Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

452

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTSviolations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLIX– TDS SERVICES, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

2006. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

2007. Defendant DOE DEFENDANTSis a company organized under the laws of the State of Illinois. Defendant DOE DEFENDANTSis therefore a "private entity" pursuant to BIPA.

2008. Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

2009. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

453

identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

2010. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTSor its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

2011. Defendant DOE DEFENDANTScollection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

2012. Defendant DOE DEFENDANTScollection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DOE DEFENDANTSactions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTSto comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant

454

DOE DEFENDANTSviolations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLX-- TDS SERVICES, INC.
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

2013. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

2014. Defendant DOE DEFENDANTSis a company organized under the laws of the State of Illinois. Defendant DOE DEFENDANTSis therefore a "private entity" pursuant to BIPA.

2015. Defendant DOE DEFENDANTSis a private entity that collects biometric information from McDonald's workers.

2016. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless *it first*: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

2017. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTSor its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

2018. Defendant DOE DEFENDANTSfailed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

2019.  Defendant DOE DEFENDANTScollection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DOE DEFENDANTSactions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTSto comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTSviolations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLXI– DOE DEFENDANTS
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

2020.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

2021.  Defendant DOE DEFENDANTSis a company organized under the laws of the State of Illinois.  Defendant DOE DEFENDANTSis therefore a "private entity" pursuant to BIPA.

2022.  Defendant DOE DEFENDANTSis a private entity that collects biometric information from McDonald's workers.

456

2023.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

2024.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

2025.  Defendant DOE DEFENDANTS collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

2026.  Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.;* (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

<u>COUNT CCLXII– DOE DEFENDANTS</u>
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

2027.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

2028.  Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois.  Defendant DOE DEFENDANTS therefore a "private entity" pursuant to BIPA.

2029.  Defendant DOE DEFENDANTS is a private entity that collects biometric information from many associated workers.

2030.  BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

2031.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

2032.  On information and belief, Defendant DOE DEFENDANTS disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

2033.   Stating further, while not necessary to pleading these claims, DOE DEFENDANTS did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

2034.   Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANT Sto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLXIII– TDS SERVICES, INC.
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

2035.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

459

2036. Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois. Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

2037. Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

2038. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

2039. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

2040. Defendant DOE DEFENDANTS collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

2041. Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and

460

equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT CCLXIV– DOE DEFENDANTS
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

2042.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

2043.   Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois.  Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

2044.   Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

2045.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

2046.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective finger prints and possibly other individual biometric data points.

461

2047.  Defendant DOE DEFENDANTS collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

2048.  Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

Respectfully submitted,
THE DRISCOLL FIRM, P.C.

BY:    /s/ John J. Driscoll
JOHN J. DRISCOLL (6276464)
GREGORY J. PALS (6271778)
CHRISTOPHER J. QUINN (6310758)
THE DRISCOLL FIRM, P.C.
211 North Broadway, Suite 4050
St. Louis, Missouri 63012
Telephone No. (314) 932-3232
Fax No. (314) 932-3233
john@thedriscollfirm.com
greg@thedriscollfirm.com
chris@thedriscollfirm.com

State of Illinois

IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

PLAINTIFF Noell et al.

vs.

McDonald's USA, LLC et al.
Defendant

No. 17-L-559

FILED
ST. CLAIR COUNTY
JUN 17 2019
CIRCUIT CLERK

ORDER

This cause coming before the Court, the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ..........

IT IS THEREFORE ORDERED:

Case comes on TT's motion to amend. All parties appear by counsel. Argument heard, Motion granted. The First Amended Complaint is taken as filed instanter.

The parties have met and conferred and agree to utilize Williams, J. (ret.) as special discovery master.

For purposes of Case Management, class certification is set to occur in June 2020. TT's motion to compel as noticed will be referred to special master.

Attorneys:

_____
Plaintiff

_____
Defendant

Enter: _____
Judge

Hon. Christopher T. Kolker
Circuit Judge

White—CC; Yellow—Plaintiff; Pink—Defendant

162

CC-14-95

FREEBURG PRINTING & PUBLISHING, INC. • 618-539-3320

State of Illinois

**IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS**

PLAINTIFF Nell, etc

vs.

No. 17-L-559

Defendant

FILED
ST CLAIR COUNTY
JUN 1 7 2019
CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ...........................................................

IT IS THEREFORE ORDERED:

Defendants McDodd's USA, LLC and McDonald's Corporation to Answer or otherwise plead within 60 days. Trial set for December 2020.

Attorneys:                                Enter:

_____
Plaintiff

_____
Defendant

_____
Judge

Hon. Christopher T. Kolker
Circuit Judge

White—CC; Yellow—Plaintiff; Pink—Defendant

CC-14-95

FREEBURG PRINTING & PUBLISHING, INC. • 618-539-3320

2 of 2